174 So.2d 767 (1965)
Gertrude LAWLEY, Appellant,
v.
TOWN OF GOLFVIEW et al., Appellees.
No. 5048.
District Court of Appeal of Florida. Second District.
May 7, 1965.
Ronald J. Fruda and Jos. W. Humphrey, Boynton Beach, for appellant.
John E. Born, West Palm Beach, for appellees.
WIGGINTON, JOHN T., Associate Judge.
Appellant instituted suit in the Circuit Court of Palm Beach County seeking injunctive relief from a zoning ordinance adopted by appellee municipality. After a trial on the merits, the chancellor entered his decree adverse to appellant denying *768 the relief sought. It is from that decree that this appeal is taken.
The complaint filed by appellant alleges in substance that by virtue of changed conditions over which appellant had no control, her property has become useless, undesirable, unsuitable, and unadaptable for residential use, and because of such changed conditions is now adaptable only to uses permissible for business under the commercial zoning restrictions of the ordinance; that the ordinance in question adopted by appellees places appellant's property in a residential zone restricting its use exclusively to residences; that as applied to appellant's property, the ordinance is unreasonable, discriminatory, arbitrary, and confiscatory; that appellant's petition to appellees requesting that her property be rezoned from residential to commercial use was arbitrarily and unreasonably denied. The complaint prays for a decree declaring the ordinance to be void insofar as it restricts appellant's property to residential uses only, and enjoining appellees from enforcing the residence restriction of the ordinance or any other zoning restriction except commercial as against appellant's property.
The answer filed by appellees admits the formal allegations of the complaint but denies that appellant's property is not usable and adaptable for residential purposes and denies that the ordinance as applied to appellant's property is unreasonable, discriminatory, arbitrary or confiscatory.
By his decree denying the relief sought by appellant, the chancellor found from the evidence that the reasonableness of the ordinance as applied to appellant's property was fairly debatable; that appellant's property had a use and value under the existing residential zoning restrictions of the ordinance; that the zoning ordinance already provided sufficient commercially zoned property for all foreseeable needs of the community without including in the commercial classification the property owned by appellant; and, that if appellant was permitted to have her property zoned for commercial instead of residential use, other property owners in the municipality would be entitled to similar treatment resulting in the destruction by judicial erosion of the entire zoning plan.
The facts disclosed by the record are not in substantial dispute. Appellant acquired the property now owned by her on May 18, 1925. In 1937 the appellee Town of Golfview was created by an act of the legislature. The western boundary of the municipality borders a public road known as Military Trail, and runs in a north-south direction a distance of 1900 feet. The area of the Town measured from east to west is slightly in excess of the north-south distance above indicated. At the time the suit was filed, the total population of the community was approximately 350 people. Appellant's property is situate in the southwest corner of the municipality, the western boundary of which borders Military Trail a distance of 136.75 feet, and which extends eastward from Military Trail a depth of 77 feet along the south boundary of the municipality.
In anticipation of the widening and improvement of Military Trail, the appellees adopted in 1957 a zoning ordinance by which the northern 1193 feet of the municipality bordering Military Trail and extending eastward a depth of 320 feet was zoned for commercial uses. The remainder of the property in the municipality bordering Military Trail and running south a distance of 647 feet to the southern boundary of the town was zoned residential. Of this area, appellant owns the southerly 136.75 feet thereof. The remaining property in the municipality off of Military Trail and running eastward to the eastern boundary of the municipality is likewise zoned residential. Thus it is that under the zoning ordinance here assaulted all of the property in the municipality bordering on Military Trail has been zoned commercial *769 except the south 647 feet, which exception in which appellant's property lies is zoned for residential use only.
After adoption of the zoning ordinance in question, Military Trail was improved and widened into a four-lane highway which now carries a heavy volume of traffic, a permissible speed limit of 45 miles an hour, and from which traffic noises arise both day and night. The municipality is bordered on the south by Palm Beach International Airport from which approximately 124,000 airplanes take off and land each year. Most of the traffic from the airport is directed westward over and near Golfview in order to avoid the noise from this operation disturbing the residents of West Palm Beach.
The zoning commission of Palm Beach County was created in 1957 and adopted an ordinance classifying for commercial use substantially all property bordering Military Trail along its western boundary for a distance of almost two miles between State Road 80 on the south and State Road 704 on the north. This commercially zoned property is directly across Military Trail from Golfview. Likewise, all property bordering Military Trail along its eastern boundary outside of Golfview, and between the two state roads above mentioned, has been zoned for commercial use. Across the street and south of appellant's property is located a filling station. Along the western boundary of Military Trail across the highway from appellant's property have been constructed a county agricultural building, Florida Wildlife building, State Highway Department police barracks, stables, an office building, and a restaurant capable of seating some 200 people. No residences have been built within the Town of Golfview on property bordering Military Trail.
Appellant introduced in evidence the testimony of two experts who expressed the opinion that appellant's land had little value under the present zoning ordinance, and that if it were rezoned for commercial use. its value would increase many times over; that appellant's land is not suitable for residential purposes because of the four-lane highway, the heavy volume of traffic thereon and noise resulting therefrom, and because of the surrounding commercial establishments. These experts testified that they would not consider showing appellant's property to any prospective purchaser desiring to buy property for residential purposes. The person who owns that portion of the property in Golfview bordering Military Trail, and which has been zoned for commercial uses, testified that he has no objection to appellant's property being similarly zoned for commercial use.
The only evidence offered by the municipality in support of the validity of the ordinance in question was the testimony of one resident of Golfview who stated that he had offered appellant $3,000.00 for her property which, if purchased by him, he would use for residential purposes. Another resident of the Town living in an area east of appellant's property and away from Military Trail testified that if appellant's property were zoned commercial, it would affect the witness' enjoyment of his property which he is using for residential purposes. Another resident of the Town testified that in his opinion the Town had already sufficient commercial property under the existing zoning ordinance to meet its needs. The appellees offered no evidence establishing, or tending to establish, that the zoning restrictions imposed by its ordinance on appellant's property bear substantially on the health, morals, safety, or welfare of the community.
The most recent expression of the law relating to situations of the kind presented by this appeal is the opinion rendered by the Supreme Court in the case of Burritt v. Harris.[1] The facts in the Burritt case which the Supreme Court held sufficient *770 to justify relief against the zoning ordinance there assaulted do not appear to be nearly so strong as the facts which appellant contends are sufficient to justify relief in the case sub judice. In Burritt, the landowner purchased his property after the zoning ordinance in question had been in effect for many years. He knew when he purchased his property that it was zoned for residential purposes only, and most of the surrounding land was zoned and actually being used for commercial purposes. The evidence established that in view of the noise created by aircraft using the adjoining municipal airport, as well as the smoke, noise and odors emitted and resulting from the use of surrounding property for commercial purposes, the landowner's property was no longer adaptable or desirable for residential use. The evidence which the Supreme Court accepted as being sufficient to justify a requirement that the landowner's property be rezoned from residential to commercial use was summarized as follows:
"The uncontradicted testimony, including that of the respondents, shows the property to be unsuitable for residential use because of the noise from the airport and the obnoxious odor from a nearby pulp and paper plant. In 1962, prior to an expansion of the airport facilities, there were 98,960 take-offs or landings at the airport. It was shown that neither Federal Housing Administration nor Veterans Administration mortgage loans would be available for home construction."
In Burritt, the landowner's application for rezoning had been denied by the zoning commission. The circuit court dismissed the suit brought by the landowner seeking relief against the ordinance on the ground that the reasonableness of the ordinance was fairly debatable, and the chancellor would not substitute his judgment for that of the zoning commission. The decision by the First District Court of Appeal affirming the trial court's decree of dismissal was quashed by the Supreme Court in the opinion which it rendered in the case. In its opinion the Supreme Court pointed out that the evidence failed to establish that the zoning restriction there in question bears substantially on the public health, morals, safety, or welfare of the community. By this holding the Supreme Court has created an innovation in the zoning law of Florida by casting on the zoning authority the burden of establishing by a preponderance of evidence that the zoning restrictions under attack "bear substantially on the public health, morals, safety or welfare of the community" if the ordinance is to be sustained. The court cited in support of its ruling the following quotation from Forde v. City of Miami Beach:[2]
"`Restrictions on private property must be kept within the limits of necessity for the public welfare or it will be recognized as an unlawful taking. Averne Bay Constr. Co. v. Thatcher, 278 N.Y. 222, 15 N.E.2d 587, 117 A.L.R. 1110. And when property, restricted to a defined use by a zoning ordinance, changes its physical character from natural causes to the extent that it is no longer adaptable to the use it is zoned for, then it becomes the duty of the zoning board to relax its restrictions to prevent confiscation just as much so as in the case where the regulation was invalid in the first instance. See State ex rel. Taylor v. [City of] Jacksonville, supra [101 Fla. 1241, 133 So. 114]; Ex parte Wise, 141 Fla. 222, 192 So. 872.'"
The Supreme Court pointed out that the foregoing rule was equally applicable where changes in the character of land in the community have occurred. In support of this principle the court cited its former *771 decision in Tollius v. City of Miami[3] as follows:
"`It may be that when the zoning ordinance was passed this need existed and the legislative act could not have been defeated or thwarted because then it could have been fairly debated. But the need twenty years later seems to have been so dissipated by the intervening phenomenal growth of the City of Miami that it is now so out of proportion to the interference with the use of the appellant's property that the exercise of the police power cannot be upheld.'"
In conclusion the Supreme Court, in the Burritt case, said:
"The constitutional right of the owner of property to make legitimate use of his lands may not be curtailed by unreasonable restrictions under the guise of police power. The owner will not be required to sacrifice his rights absent a substantial need for restrictions in the interest of public health, morals, safety or welfare. If the zoning restriction exceeds the bounds of necessity for the public welfare, as, in our opinion, do the restrictions controverted here, they must be stricken as an unconstitutional invasion of property rights."
In the case sub judice it appears without question that all property in the appellee community was zoned residential prior to 1957 when the zoning ordinance here assaulted was adopted. By that ordinance the Town zoned for commercial use all the property in the community bordering Military Trail except the south 647 feet thereof, in which excepted area appellant's property lies. The commercial zone created by the ordinance extends eastward into the subdivision a depth of 300 feet, the eastern boundary of which lies in reasonably close proximity to the homes inhabited by residents of the municipality. Appellant's property extends eastward a depth of only 77 feet, and does not encroach nearly so close to the remaining property in the community devoted to residential use as does the land lying in the existing commercial zone. In 1957 the appellee, in the exercise of its lawful right, found that the northern 1193 feet of the property within its limits bordering Military Trail was unsuitable for residential purposes and therefore zoned it for commercial use. It must be assumed that such action at that time bore a just relationship to the health, safety, morals, and welfare of the inhabitants of the community. If that be true, it can hardly now be said that appellant's property, which likewise borders on Military Trail and is situate in the southwest corner of the community, is suitable or adaptable for residential purposes, and such restriction is necessary in order to protect the health, safety, morals, and welfare of the residents in Golfview. This is particularly true in view of the changed character and condition of both the land lying in the community as well as the land adjacent thereto across Military Trail, all of which changes have been brought about by the improvement and widening of the highway, the rezoning of all such property for commercial use, and the construction on such property of establishments devoted to commercial purposes.
We are of the view that appellant clearly established that her property is no longer adaptable for residential purposes, and the evidence fails to establish that the restriction of her land to such use bears substantially on the health, safety, morals, or welfare of the Town of Golfview. For these reasons the refusal of appellee to rezone appellant's property to a commercial classification constituted an abuse of discretion under the principles enunciated by the Supreme Court in the *772 Burritt case, supra. The decree appealed is accordingly reversed with directions that an appropriate decree be entered consistent with the views expressed herein.
Reversed.
SMITH, C.J., and ALLEN, J., concur.
NOTES
[1] Burritt v. Harris et al., Fla. 1965, 172 So.2d 820.
[2] Forde v. City of Miami Beach, 146 Fla. 676, 1 So.2d 642, 646.
[3] Tollius v. City of Miami, Fla. 1957, 96 So.2d 122, 126.