PER CURIAM.
This is an appeal from a final decree adverse to the appellant in a zoning controversy. The record on appeal reveals the following:
That the appellant is possessed of property at the northeast corner of the intersection of Ludlum and Miller Roads, located within and along the western boundary of the City of South Miami, in Dade County. *360 From the exhibits, it appears that the plaintiff’s parcel of land consists of approximately 280 foot frontage along Ludlum Road and approximately 300 feet along Miller Road, although the application for re-zoning only covered a portion of the parcel at the intersection of Miller and Ludlum Roads. It also appears that there is a 50 foot utility easement across the northwest half of the property upon which the application for zoning was made, which was granted by the appellant to the City of Miami some years ago.
Across Ludlum Road to the west, in the unincorporated area of Dade County, both the northwest corner and the southwest corner are used for filling station purposes. Across Miller Road to the south, within the corporate limits of the City of South Miami, the property is zoned RU-5[1] and is used for apartment house purposes. The appellant’s property is zoned RU-1 Single Family Residential Zone. All the property surrounding the appellant’s, within the City of South Miami and within the unincorporated area of Dade County, east of Ludlum Road for approximately one-half mile [except the aforementioned RU-S zoning on the southeast corner of the intersection] is zoned for residential use although there apparently are non-conforming uses, to wit: a nursery to the north and a home occupation to the east. The former was in existence prior to the adoption of the comprehensive zoning ordinance of the City of South Miami, and the latter operates either by special permission of the municipality or is an unlawful use.
The appellant brought the instant action seeking to have the zoning classification set aside and held void as applied to her property, upon the usual ground that they were confiscatory, arbitrary and unreasonable. Following issue being joined and after final hearing, the chancellor denied the relief sought. This appeal ensued. We reverse.
The property along the east side of Ludlum Road to the north for approximately three-eighths mile is zoned residential within the City of South Miami, and for approximately one-half mile to the south within the City of South Miami [save and except the parcel immediately across Miller Road, wherein the RU-5 zoning exists] it is zoned residential. If it were not for the existence of this apartment house zoning, we would affirm on the authority of Harris v. City of Coral Gables, Fla.App.1963, 157 So.2d 146. However, in view of the existing multiple family residence to the south and considering the commercial uses across Ludlum Road [which is a factor, although not a mandatory one requiring zoning relaxation within an abutting city; see: Borough of Cresskill v. Borough of Dumont, 28 N.J.Super. 26, 100 A.2d 182], we hold that any zoning more restrictive than RU-5 is arbitrary and unreasonable as applied to the parcel in the instant litigation, and same amounts to confiscatory regulation of the appellant’s property. See: Tollius v. City of Miami, Fla.1957, 96 So.2d 122; Burritt v. Harris, Fla.1965, 172 So.2d 820; Lawley v. Town of Golfview, Fla. App.1965, 174 So.2d 767.
The appellant contends that the property in question is only useable as a filling station site because of the filling stations already existing on two of the other three corners of the intersection and because of the aforesaid 50 foot utility easement. We reject the first contention upon the authority of Dade County v. Mitchell, Fla.App.1966, 188 So.2d 359, and reject the latter contention because it is obvious that this easement was granted for compensation.
Therefore, we reverse the final decree here under review, with directions to the chancellor to enter a decree in favor of the appellant in accordance with the views expressed in this opinion.
Reversed and remanded, with directions.

. Which permits multi-family residential and semi-professional office use.