## GULF OIL CORPORATION v. CITY OF CORAL GABLES.
No. 66-C-2862.

Circuit Court, Dade County.

February 3, 1967.

Darrey A. Davis of Scott, McCarthy, Steel, Hector & Davis, Miami, for plaintiff.

Edward L. Semple, City Attorney, for defendant.

J. GWYNN PARKER, Circuit Judge.

*Final decree:* This cause came on regularly for final hearing upon the amended complaint and answer. The court has heard the testimony, reviewed the evidentiary exhibits, and considered the memoranda submitted by counsel.

The pleadings and evidence in this cause squarely present to the court for determination the question whether or not the provisions of ordinance no. 1461 of the city of Coral Gables, as applied to the particular property owned by plaintiff, are so unreasonable, arbitrary and discriminatory as to violate the constitutional requirements of due process and equal protection of the laws. The pertinent provisions of ordinance no. 1461 are as follows —

SECTION 1. That Section 4.03 of Ordinance No. 1005, as amended, and known as the "Zoning Code", be and the same hereby is amended to read as follows:

Section 4.03 PROHIBITED USES, CERTAIN STREETS. From and after December 31, 1966 no automobile service station, public garage, auto repair shop, machine shop, used car lot, or any business conducted outside of a building shall be permitted on any lots or premises abutting Coral Way (a portion of which is known as Miracle Mile) or Biltmore Way, or upon lots or premises abutting Ponce de Leon Boulevard between Southwest 8th Street and Bird Road; except as hereinafter stated.

(a) The provisions of this ordinance shall not, and do not, apply to any service stations presently located on Ponce de Leon Boulevard at Southwest 8th Street, University Drive and Bird Road.

(b) The provisions of this ordinance shall not, and do not, apply to any new car sales and services conducted under a roof and within the confines of outer building walls.

It is undisputed that, in the exercise of its police power, the city of Coral Gables has full power and authority to adopt any zoning regulations reasonably required or needed in order to promote the general welfare. The city may restrict the location of automobile service stations, or prohibit the operation thereof within certain areas on certain streets, or prohibit such types of business entirely, or impose any reasonable regulations upon such business enterprises. This right of the city is subject only to the limitations imposed by the constitutional requirements of due process and equal protection of the law. Nor is there any question that the city has power to require the discontinuance of an existing property use. The validity of the city's zoning regulations governing all non-conforming uses of property is not involved.

The plaintiff assails the constitutionality of ordinance no. 1461 on the ground that the provisions thereof, as applied to the particular property owned by plaintiff, are so unreasonable, arbitrary and discriminatory as to constitute denial of due process and equal protection of the law clauses of the fourteenth amendment to the constitution of the United States and sections 1 and 12 of the declaration of rights of the constitution of the state of Florida.

The plaintiff instituted this suit for declaratory relief prior to the effective date of ordinance no. 1461. The city of Coral Gables agreed in open court to refrain from enforcing the provisions thereof against plaintiff's property pending final determination of the constitutionality of such ordinance. Consequently, the court has not been called upon to consider the matter of injunctive relief pendente lite.

The plaintiff alleges, and the evidence establishes, compliance with requirements for exhaustion of administrative remedies. The city commission declined to grant plaintiff's application for relief from the force and effect of the zoning regulations involved. Accordingly, the following defenses interposed by the city of Coral Gables cannot be sustained — (a) that plaintiff has no standing to maintain this suit because of failure to exhaust its administrative remedies, and (b) that plaintiff, having made application for variances or exceptions from said zoning ordinance, is estopped from challenging the constitutionality thereof.

The city denies that ordinance no. 1461 is unconstitutional or in anywise unreasonable, arbitrary and discriminatory, and that it is necessary to promote the general welfare and the development of Ponce de Leon Boulevard. The crux of the city's affirmative defenses is that, under its charter, the city of Coral Gables is vested with comprehensive zoning powers, which expressly grant the right to regulate the location of places for the sale and storage of gasoline and other dangerous and unwholesome businesses; that automobile service stations are a disfavored type of business which are subject to drastic regulations and restrictions, and therefore the city has a wide latitude of discretion in regulating and prohibiting the location of such businesses. The city contends that a municipal ordinance regulating automobile service stations necessarily deals with the public health, safety, morals and welfare, and requires no proof of its substantial bearing or relation to the general welfare.

The property involved in this suit is located at 1600 Ponce de Leon Boulevard in the city of Coral Gables, and consists of three lots at the southwest corner of the intersection of Ponce de Leon Boulevard and Mendoza Avenue. Plaintiff's property has been lawfully used for the operation of a service station, known as Checker Norman's Gulf Service Station, continuously for nearly thirty years. The property was devoted to use as such service station before the city of Coral Gables adopted its zoning code. Under the city zoning code, the existing service station was designated as a non-conforming use, which author-

ized indefinite continuation of such use, provided no substantial changes were made to existing structures.

By the adoption of section 4.03 of the zoning code, the city commission provided that no *new* service station or similar business shall be permitted to operate on any lots or premises abutting Ponce de Leon Boulevard between Southwest 8th Street and Bird Road. Plaintiff's property was unaffected by such zoning regulations.

Notwithstanding the provisions of section 4.03 of the zoning code, the city commission granted permission for the construction of three new service stations on Ponce de Leon Boulevard within the prohibited area. Variances, exceptions, and rezoning were granted for the purpose of authorizing construction of new service stations at the southwest corner of the intersection of Ponce de Leon Boulevard and Southwest 8th Street, at the northeast corner of the intersection of Ponce de Leon Boulevard and Bird Road, and at the intersection of Ponce de Leon Boulevard and University Drive.

After authorizing the construction and operation of these service stations on Ponce de Leon Boulevard, the city commission adopted ordinance no. 1375, which prohibited *all* service stations on Ponce de Leon Boulevard after December 31, 1966. However, such ordinance excluded from the force and effect thereof the three new service stations constructed on Ponce de Leon Boulevard at Southwest 8th Street, Bird Road, and University Drive.

The pertinent provisions of ordinance no. 1375 were as follows—

SECTION 1. That Section 4.03 of Ordinance No. 1005 of the City of Coral Gables be and the same is hereby amended to read as follows:

Section 4.03 PROHIBITED USES, CERTAIN STREETS. From and after December 31, 1966 no automobile service station, public garage, auto repair shop, machine shop, used car lot, or any business conducted outside of a building shall be permitted on any lots or premises abutting Coral Way (a portion of which is known as Miracle Mile) or Biltmore Way, or upon lots or premises abutting Ponce de Leon Boulevard between Southwest 8th Street and Bird Road; except as hereinafter stated.

SECTION 2. The provisions of this ordinance shall not, and do not, apply to any service stations presently located on Ponce de Leon Boulevard at Southwest 8th Street, University Drive and Bird Road.

The plaintiff made application for relief from the provisions of such zoning regulation, by requesting permission to reconstruct and modernize its existing service station so that it would front

on Mendoza Avenue, instead of Ponce de Leon Boulevard. The city commission denied such application and declined to grant plaintiff any exception or variance from ordinance no. 1375.

At about the same time, Coopers Oldsmobile made the same kind of application. Coopers Oldsmobile is located directly across the street from plaintiff's property, and was prohibited from continued operation after December 31, 1966, in the same manner as plaintiff, under the provisions of ordinance no. 1375. Although Coopers Oldsmobile is primarily a new car sales business, it also carries on the operations of a service station. The city commission granted Coopers Oldsmobile's application to reconstruct and modernize its place of business and to front on Mendoza Avenue, instead of Ponce de Leon Boulevard.

Thus, similar applications for relief from the force and effect of ordinance no. 1375 were submitted by plaintiff and another similar business affected by such zoning regulations. The city commission granted one application, and denied the other.

At the same time that the city commission granted the application of Coopers Oldsmobile (and denied plaintiff's application), the city commission adopted ordinance 1461, which superseded ordinance no. 1375 and provided an additional exception by excluding from the force and effect thereof new car sales and services. Admittedly, this new exception applied only to Coopers Oldsmobile, because no other similar type of business was affected by or benefited from the special exception granted by ordinance no. 1461. The pertinent provisions of ordinance no. 1461 are identical to the provisions of ordinance no. 1375, except for the addition of the following language —

"(b)   The provisions of this ordinance shall not, and do not apply, to any new car sales and services conducted under a roof and within the confines of outer building walls."

The evidence discloses that the city commission presently has under consideration the recommendation of its planning and zoning board to rezone some sixty-two lots on Ponce de Leon Boulevard, which new zoning classification would permit the construction of new service stations, subject to distance requirements from existing service stations, from which distance requirements variances were granted in the instance of the new service stations at Southwest 8th Street and at Bird Road on Ponce de Leon Boulevard.

Admittedly reasonable zoning regulations designed to accomplish the elimination of service stations on Ponce de Leon Boulevard, or any designated area, constitute a purpose within the scope of the comprehensive zoning powers vested in the city commission. The elimination of service stations on Miracle Mile and Biltmore Way was accomplished in a manner commensurate with the public health, safety and welfare. The power of the city commission to prohibit all service stations on certain streets, or within a specified area, cannot be successfully challenged, provided such regulatory measures are applied uniformly and equally to all persons similarly situated. Moreover, it is well settled that if reasonable argument exists on the question whether a municipal zoning ordinance is arbitrary or unreasonable the legislative will must prevail, under the "fairly debatable" doctrine. However, the actions of the city commission culminating in the passage of ordinance no. 1461 create a situation where plaintiff's existing business is required to cease operations, while identical or similar new businesses are permitted and granted the privilege of operating within the same area. No valid distinction has been shown to exist between those to whom special rights, privileges, exceptions and benefits were accorded and the plaintiff to whom the same special privileges were denied. Under the same circumstances and conditions, one business is prohibited and others of the same nature and character are not. Under the guise of zoning regulations ostensibly adopted to promote the enhancement and development of Ponce de Leon Boulevard for the general welfare of the community (which is a lawful purpose valid on its face), the city commission granted special exceptions to certain favored property owners, while at the same time denying plaintiff's request for the same benefits. The city commission permitted construction and operation of four new businesses of the very nature it purported to eliminate, and then carefully excepted these new businesses from zoning regulations promulgated for the purpose of eliminating all such businesses. This is the sort of municipal action condemned by the federal and state constitutions.

The constitutional requirements of equal protection of the laws forbid the selection of certain persons as the beneficiaries of special zoning concessions or exceptions, while at the same time and under the same circumstances denying to another person the same benefits. In Richey v. Wells, 166 So. 817, the Supreme Court of Florida held that —

It is settled law that under the Fourteenth Amendment to the Constitution of the United States an unjust and illegal discrimination

may arise out of the enactment of a legislative measure that makes such unjust and illegal discrimination possible, although it is not expressly required by the terms of the law itself as written.

Though a law be fair on its face and impartial in appearance, yet, if it is applied and administered by public authority with an unequal hand, so as to practically make unjust and illegal discriminations between persons in similar circumstances material to their rights, the denial of equal justice is still within the prohibition of the Federal Constitution under the Fourteenth Amendment . . .

And in Davis v. Florida Power Co., 60 So. 759, 766, the court said —

Equal protection of the laws requires that in governmental regulations every person shall be accorded rights, privileges, exemptions, and remedies substantially similar to those that are given to others under practically similar circumstances and conditions; . . . and that no essentially unjust or merely arbitrary discriminations of a substantial nature shall be made between persons who are in reality similarly situated or conditioned with reference to the regulations and its practical consequences . . .

In Miami Shores Village v. Wm. N. Brockway Post, 24 So.2d 33, the court said —

. . . The law requires that all police regulations must be reasonable under all circumstances. The validity of a police regulation therefore depends on whether, under all circumstances, the regulation is reasonable or arbitrary and whether it is reasonably designed to accomplish a purpose falling within the scope of the police regulation. See Mutual Loan Co. v. Martell, 222 U.S. 225, 32 S.Ct. 74, 56 L.Ed. 175, Ann. Cas. 1913B, 529.

And in State v. City of Miami, 24 So.2d 705, the court said —

. . . The courts usually will hold a zoning ordinance invalid when it clearly appears that the restrictions are arbitrary and unreasonable and have no substantial relations to health, safety, morals or the general welfare. See City of Miami Beach v. Ocean & Inland Co., 147 Fla. 480, 3 So.2d 364; City of Miami v. Rosen, 151 Fla. 677, 10 So.2d 307; City of Miami Beach v. The Texas Co., 141 Fla. 616, 194 So. 368, 128 A.L.R. 350; Ex Parte Wise, 141 Fla. 222, 192 So. 872; Euclid v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L. Ed. 303, 54 A.L.R. 1016, and similar cases . . .

It now appears to be the established law in Florida that the zoning authority is imposed with the burden of establishing by a preponderance of the evidence that the zoning regulations under attack bear substantially on the public health, morals, safety or welfare of the community, if the zoning regulations are to be sustained. This conclusion of law is based upon the decision of the Supreme Court of Florida in Burritt v. Harris, 172 So.2d 820, and the decision of the District Court of Appeal, Second District, in Lawley v. Town of Golfview, 174 So.2d 767.

In Burritt v. Harris, supra, the Supreme Court of Florida held that —

> It is not established that the zoning restriction here imposed bears substantially on the public health, morals, safety or welfare of the community. In Forde v. City of Miami Beach, 146 Fla. 676, 1 So.2d 642, 646 (1941) this Court held:
>
> > "Restrictions on private property must be kept within the limits of necessity for the public welfare or it will be recognized as an unlawful taking . . . ."
>
> *   *   *
>
> The constitutional right of the owner of property to make legitimate use of his lands may not be curtailed by unreasonable restrictions under the guise of police power. The owner will not be required to sacrifice his rights absent a substantial need for restrictions in the interest of public health, morals, safety or welfare. If the zoning restriction exceeds the bounds of necessity for the public welfare, as, in our opinion, do the restrictions controverted here, they must be stricken as an unconstitutional invasion of property rights.

And in Lawley v. Town of Golfview, supra, the District Court of Appeal, Second District, was called upon to construe and apply the Supreme Court's decision in Burritt v. Harris. The court said —

> In Burritt, the landowner's application for rezoning had been denied by the zoning commission. The circuit court dismissed the suit brought by the landowner seeking relief against the ordinance on the ground that the reasonableness of the ordinance was fairly debatable, and the chancellor would not substitute his judgment for that of the zoning commission. The decision by the First District Court of Appeal affirming the trial court's decree of dismissal was quashed by the Supreme Court in the opinion which it rendered in the case. In its opinion the Supreme Court pointed out that the evidence failed to establish that the zoning restriction there in question bears substantially on the public health, morals, safety, or welfare of the community. By this holding the Supreme Court has created an innovation in the zoning law of Florida by casting on the zoning authority the burden of establishing by a preponderance of evidence that the zoning restrictions under attack "bear substantially on the public health, morals, safety or welfare of the community" if the ordinance is to be sustained . . .

The city wholly failed to establish by a preponderance of the evidence that the provisions of ordinance no. 1461, as applied to the property owned by plaintiff, bear substantially or have a reasonable relation to the public health, safety, morals and welfare of the community. The weight of the evidence is to the contrary. The plaintiff has established the material allegations of its amended complaint by a preponderance of the evidence, and the equities of this cause are with the plaintiff.

Therefore, on the basis of the foregoing findings of facts and conclusions of law, it is ordered, adjudged, decreed and declared —

1. That ordinance no. 1461 of the city of Coral Gables, passed and adopted on February 9, 1965 (which ordinance superseded ordinance no. 1375, adopted and passed on January 14, 1964), is invalid, void and unconstitutional as the provisions thereof relate to, affect, and apply to the property of the plaintiff, Gulf Oil Corporation, located at 1600 Ponce de Leon Boulevard, and known as Checker Norman's Gulf Service Station.

2. That the city of Coral Gables is permanently enjoined and restrained from enforcing the provisions of ordinance no. 1461 against the said property owned by plaintiff, and the city of Coral Gables is required and directed to permit the operation of said service station on plaintiff's property in the same manner as though ordinance no. 1461 and ordinance no. 1375 had never been passed and adopted.

3. The provisions of this final decree shall not be considered or construed as in anywise affecting the right or lawful power of the city of Coral Gables to properly enforce the provisions of ordinance no. 1461 with respect to any property other than the particular property herein described.

4. The costs of this suit are taxed against the defendant, city of Coral Gables, and the amount thereof shall be fixed by further order of court, upon notice.