216 So.2d 785 (1968)
William A. McCORMICK and Bessie M. McCormick, Husband and Wife; William B. Mancil and Ernestine M. Mancil, Husband and Wife; James D. Beasley and Margaret L. Beasley, Husband and Wife, Appellants,
v.
The CITY OF PENSACOLA, a Municipal Corporation; Forest Park, Inc., a Florida Corporation; Alexander Forhetz, et al., Appellees.
No. K-176.
District Court of Appeal of Florida. First District.
December 10, 1968.
*786 Barksdale, Tucker & Worley, Pensacola, for appellants.
Caton & Caton, Pensacola, for appellees.
WIGGINTON, Chief Judge.
Appellants brought this action pursuant to the provisions of Chapter 87, F.S., seeking a declaration of their rights under the zoning ordinances of the City of Pensacola and the restrictive covenants of record applicable to their respective parcels of land. From a final judgment denying their prayer for relief, this appeal is taken.
Appellants are the owners of lots in a developed subdivision situate in the City of Pensacola on which each of them occupies and maintains his residence. The property in the subdivision is zoned for residential use only. Each lot therein is subject to restrictive covenants limiting its use to residential purposes.
Appellants' lots are located adjacent to the intersection of two four-lane arterial thoroughfares. The proof fairly establishes that when they originally purchased their property it was in a quiet residential neighborhood and the streets providing access to the subdivision carried only a normal amount of traffic. Since that time, however, the City widened the two streets bordering their property which now carry an extremely heavy flow of traffic moving both north and south as well as east and west through that section of the City. In addition, the two corners of the intersection on the opposite side of the four-lane street bordering appellants' property on the east in an area zoned residential have been rezoned commercial in accordance with a prior nonconforming use and are now occupied by filling stations and a shopping center.
Appellants contend that the proof establishes there has been a change in the condition of the neighborhood as a result of the increased flow of traffic by their homes and by the commercialization of the two corners of the intersection across the street from the subdivision in which their property is located. Appellants urge that as a result of the change in condition the property owned by them is no longer suitable for residential purposes as it was before the change took place, and that the highest and best use to which their property is adapted is for commercial as distinguished from residential purposes.
By the final judgment appealed herein the trial court found and determined from the evidence adduced at the trial that the covenants of record restricting the use of plaintiffs' property to residential purposes are enforceable and that plaintiffs failed to establish by a preponderance of evidence such a change in condition as to justify judicial interference with the established contractual rights between the plaintiffs and other objecting property owners in the subdivision who intervened as defendants in the cause. The court further found and determined that the reasonableness of the zoning ordinance of the City of Pensacola restricting the use of appellants' property to residential purposes is fairly debatable and should be upheld. Appellants' prayer for injunctive and other relief was accordingly denied.
Appellants assert that they have carried the burden of proving their property to be unsuitable for residential purposes as presently zoned, and that appellees have failed to carry the burden of proving a substantial *787 need for continuance of the zoning restrictions on their property in the interest of public health, morals, safety, or welfare. On this state of the record appellants insist that both the zoning ordinance and the restrictive covenants should be held to be no longer applicable to their land on the authority of Burritt v. Harris,[1] and Lawley v. Town of Golfview.[2] Appellants' position is not without a modicum of validity.
In Burritt v. Harris, supra, the landowner sought a rezoning of his property from residential to industrial use. The trial court found and held that the reasonableness of the ordinance as applied to the landowner's property was debatable and therefore refused to disturb the zoning board's denial of the landowner's petition for relief. In affirming the trial court's decision on appeal, this court held:
"* * * The Zoning board acts in a legislative capacity and the Court in reviewing its action may not substitute its judgment for that of the legislative body. City of Miami Beach v. Ocean & Inland Co., 147 Fla. 480, 3 So.2d 364. Legislative intent will be sustained if the validity of the regulation in its application to the property in question is `fairly debatable'. City of Miami Beach v. Wiesen, Fla., 86 So.2d 442. The regulation is said to be `fairly debatable' when for any reason it is open to dispute or controversy on grounds that make sense or point to a logical deduction that in no way involves its constitutional validity. City of Miami Beach v. Lachman, Fla., 71 So.2d 148. * * *"[3]
Appellant petitioned the Supreme Court by certiorari to review this court's decision. In reaching an opposite conclusion from that adopted by this court, the Supreme Court held:
"The uncontradicted testimony, including that of the respondents, shows the property to be unsuitable for residential use * * *.
* * * * * *
"It is not established that the zoning restriction here imposed bears substantially on the public health, morals, safety or welfare of the community. * * *
* * * * * *
"The constitutional right of the owner of property to make legitimate use of his lands may not be curtailed by unreasonable restrictions under the guise of police power. The owner will not be required to sacrifice his rights absent a substantial need for restrictions in the interest of public health, morals, safety or welfare. If the zoning restriction exceeds the bounds of necessity for the public welfare, as, in our opinion, do the restrictions controverted here, they must be stricken as an unconstitutional invasion of property rights.
* * * * * *
"The decision of the district court is quashed and the cause is remanded for further proceedings in accord with the views herein expressed."
In its attempt to follow the clear and unambiguous holding of the Supreme Court in Burritt, even though the rule of law propounded thereby was a departure from the settled law of this and other jurisdictions, the Second District Court of Appeal in Lawley v. Town of Golfview, supra, held:
"In Burritt, the landowner's application for rezoning had been denied by the zoning commission. The circuit court dismissed the suit brought by the landowner seeking relief against the ordinance on the ground that the reasonableness of the ordinance was fairly debatable, and the chancellor would not substitute his judgment for that of the zoning *788 commission. The decision by the First District Court of Appeal affirming the trial court's decree of dismissal was quashed by the Supreme Court in the opinion which it rendered in the case. In its opinion the Supreme Court pointed out that the evidence failed to establish that the zoning restriction there in question bears substantially on the public health, morals, safety, or welfare of the community. By this holding the Supreme Court has created an innovation in the zoning law of Florida by casting on the zoning authority the burden of establishing by a preponderance of evidence that the zoning restrictions under attack `bear substantially on the public health, morals, safety or welfare of the community' if the ordinance is to be sustained. * * *
"We are of the view that appellant clearly established that her property is no longer adaptable for residential purposes, and the evidence fails to establish that the restriction of her land to such use bears substantially on the health, safety, morals, or welfare of the Town of Golfview. For these reasons the refusal of appellee to rezone appellant's property to a commercial classification constituted an abuse of discretion under the principles enunciated by the Supreme Court in the Burritt case, supra. The decree appealed is accordingly reversed with directions that an appropriate decree be entered consistent with the views expressed herein."
In City of St. Petersburg v. Aikin[4] the trial court nullified a city ordinance which restricted use of the landowner's property to residential purposes by a final decree which held in part:
"* * * When the case was called for hearing on the merits plaintiffs shouldered the burden of moving forward with the proof, but only after directing to the attention of the Court the recent pronouncements found in Burritt v. Harris [Fla.], 172 So.2d 820, and Lawley v. Town of Golfview [Fla.App.], 174 So.2d 767. These cases indicate there has been an about-face in Florida on the rule of who has to sustain the validity of a zoning ordinance. Formerly the rule was that the burden was cast upon the property owner to disprove the need and validity of the zoning classification on his land and a clear expression of this rule is found in Bessemer Properties, Inc. v. Miami Shores Village [Fla.App.], 110 So.2d 87; however, under Burritt v. Harris and Lawley v. Town of Golfview, supra, the shoe is on the other foot and the obligation is upon the zoning authority to prove the reasonableness and necessity of a zoning classification when these classifications are assaulted in the courts.
* * * * * *
"The Court is bound by the pronouncements of the Supreme Court found in Burritt v. Harris and Lawley v. Town of Golfview, supra, which are explicit in holding that a property owner will not be restricted in the use of his property unless it be clearly shown that there is a real and substantial need of restrictions on the use of the property in order to protect the public health, safety, morals and general welfare. These cases further hold that to the extent that a zoning restriction exceeds the plainly defined bounds of public necessity as mentioned above, the zoning restrictions come to nothing and must be stricken as an abuse of the police power when attacked by proper suit. It is not inferred, however, that these cases hold contrary to the long established principle that the individual land owner's right to the unfettered use of his lands must yield to the public good if necessary to protect the public health, safety, morals etc. [City of] Miami Beach v. Wiesen [Fla.] 86 So.2d 442. It is abundantly clear, however, that now the burden of sustaining the need for restrictions is upon the zoning authority and not vice versa."
The decree of the trial court was adopted and affirmed by the Second District Court *789 of Appeal, which decision of affirmance was reviewed by the Supreme Court through the vehicle of certiorari on the ground of alleged conflict. In an apparent effort to eliminate the confusion created by its decision in Burritt v. Harris, supra, and to restore the fairly debatable doctrine as the proper test to be applied in determining the reasonableness of the zoning ordinance as it existed prior to the Burritt decision, the Supreme Court has now receded from Burritt and in its latest pronouncement on this subject has held:
"We conclude that the opinion last above cited correctly states the procedural point, and that the opinion of this Court in Burritt v. Harris has been erroneously construed as creating `an innovation in the zoning law of Florida.' Other recent cases recognize no such departure, and continue to apply the well established body of law in this field.
"The Burritt decision, following a recitation of evidence proffered by the parties, was simply that the zoning restriction `exceeds the bounds of necessity for the public welfare' and was therefore arbitrary and invalid. The finding in that case that the owner had `sustained the burden of proving his property was unsuitable' for its restricted use was not intended to restrict his burden to such proof. Nor did the reference to respondent's failure to demonstrate debatability constitute an affirmative statement that the ultimate burden on the issue rested on the zoning authority. To the extent that any alteration of the law in this respect may be implied, the opinion should stand corrected. The final conclusion in Burritt, in any event, fully accords with the earlier cases."[5]
Thus it is that the principle to be applied in testing the reasonableness of the zoning ordinance as applied to a particular tract or parcel of land has traveled full circle and arrived back at the place it occupied before the Burritt decision. The fairly debatable doctrine is now restored and must be applied in our determination of the case sub judice.
We have carefully considered the relevant evidence adduced by the parties in support of their respective positions and find that it fairly supports the findings and conclusions reached and expressed by the trial court in the judgment appealed. The fact that appellants' property is rendered less desirable for residential purposes because of the increased flow of traffic over the improved thoroughfares which border their property does not necessarily render enforcement of the zoning ordinance arbitrary, unreasonable, or confiscatory.[6] The evidence fairly supports the conclusion reached by the trial judge that whether the change in conditions which affected appellants' property was sufficient to require a change in its permissible use from residential to commercial was fairly debatable, and the doubt should be resolved in favor of the validity of the ordinance.[7]
Appellants having failed to demonstrate that the trial court abused its discretion or departed from the essential requirements of law in upholding the validity of the ordinance and the covenants restricting use of appellants' land to residential purposes, the judgment appealed is affirmed.[8]
CARROLL, DONALD K., and RAWLS, JJ., concur.
NOTES
[1] Burritt v. Harris, (Fla. 1965) 172 So.2d 820, 822, 823.
[2] Lawley v. Town of Golfview, (Fla.App. 1965) 174 So.2d 767, 770.
[3] Burritt v. Harris. (Fla.App. 1964) 166 So.2d 168, 173.
[4] City of St. Petersburg v. Aikin, (Fla.App. 1968) 208 So.2d 268, 270, 272.
[5] City of St. Petersburg v. Aikin, (Fla. 1968) 217 So.2d 315. Opinion filed October 30, 1968.
[6] City of South Miami v. Alvin, (Fla.App. 1966) 189 So.2d 386.
[7] City of Miami Beach v. Lachman, (Fla. 1954) 71 So.2d 148; City of Miami Beach v. Hogan, (Fla. 1953) 63 So.2d 493.
[8] John G. Lane Line, Inc. v. City of Jacksonville, (Fla.App. 1967) 196 So.2d 16; Batman v. Creighton, (Fla.App. 1958) 101 So.2d 587.