303 So.2d 66 (1974)
ORANGE COUNTY, Florida, a Political Subdivision of the State of Florida, et al., Appellants,
v.
BUTLER ESTATES CORPORATION et al., Appellees.
No. 73-1270.
District Court of Appeal of Florida, Fourth District.
November 8, 1974.
*67 Steven R. Bechtel, Mateer & Harbert, Orlando, for appellants.
Davisson F. Dunlap, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Orlando, for appellees.
PER CURIAM.
Upon review and consideration of the briefs, oral argument and the record on appeal we are of the opinion that the appellant has failed to demonstrate reversible error, and the appellees carried their burden below of showing that the classification set by the appellant was confiscatory and not within the fairly debatable rule. City of Miami v. Schutte, Fla.App. 1972, 262 So.2d 14.
Although the final judgment directing appellant to rezone appellees' property to a zoning classification no less liberal than a P-D zoning classification is not a judicial assumption of a legislative power, we are of the view that to direct the appellant to rezone such property "in accordance with the (appellees') application" does, indeed, constitute an encroachment upon the exercise of the legislative power of the appellant. See Dade County v. Friedman, Third District Court of Appeal Case, 301 So.2d 777, opinion filed October 15, 1974; City of Miami Beach v. Weiss, Fla. 1969, 217 So.2d 836; see also William Murray Bldrs., Inc. v. City of Jacksonville, Fla.App. 1971, 254 So.2d 364; Manilow v. City of Miami Beach, Fla.App. 1968, 213 So.2d 589; Metropolitan Dade County v. Pierce, Fla.App. 1970, 236 So.2d 202; Stokes v. City of Jacksonville, Fla.App. 1973, 276 So.2d 200.
Accordingly, the final judgment is affirmed, as modified, and the cause remanded to the trial court with the respectful direction to delete the aforementioned language and to otherwise revise the final judgment consistent herewith.
Affirmed, as modified.
OWEN, C.J., and CROSS and MAGER, JJ., concur.