312 So.2d 241 (1975)
CITY OF SOUTH MIAMI, Appellant,
v.
William C. HILLBAUER, Jr., Appellee.
No. 74-1072.
District Court of Appeal of Florida, Third District.
May 6, 1975.
Moore, Kessler, Sheradsky, Roth & Beckerman, Miami, for appellant.
John R. Farrell, Miami, for appellee.
Before HAVERFIELD and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The City of South Miami appeals an adverse judgment directing it to rezone certain property to a more liberal classification.
William C. Hillbauer, Jr., made application to the Planning Board and City Council of the City of South Miami for a zoning change on his property located on the northwest corner of S.W. 57th Avenue (Red Road) and 80th Street from single family residential, RS, to residential-office RO, to permit construction of a professional *242 office building. The property was zoned RS in the City's master zoning plan adopted in 1971. Prior to and at the time of the adoption, Hillbauer sought rezoning but was refused. At a hearing on March 27, 1973, the City of South Miami Planning Board voted unanimously to deny Hillbauer's request, and at a subsequent hearing before the City Council of South Miami, the Mayor's resolution to deny the zoning change was also unanimously passed. Hillbauer then filed a complaint in the circuit court seeking to enjoin the city from enforcing any zoning classification more restrictive than RO against his property, or in the alternative praying that the court treat it as a petition for certiorari. A non-jury trial was held. There was a stipulation that the record to be considered by the court would consist of the transcripts of testimony and exhibits presented before the Planning Board and City Council.
The record discloses that the property has dimensions of approximately 200 feet on S.W. 57th Avenue (Red Road) and 180 feet on 80th Street, fronting on the west side of Red Road, which is zoned for uses more liberal than single family dwelling the entire way from the lot next to Hillbauer's up to U.S. 1. The property fronting on the east side of Red Road north of S.W. 80th Street is zoned multiple family dwelling and is so used, and the property adjacent to Hillbauer's on the north is zoned residential office and is so used. Hillbauer's is the sole remaining property north of S.W. 80th Street fronting on the west side of Red Road which is limited to single family residential use. The transcripts of testimony from the City Council and Planning Board hearings contain abundant expert opinion as to the unsuitability and unreasonableness of the zoning ordinance. The trial court entered a final judgment finding the single family residential zoning to be arbitrary, unreasonable and without a fairly debatable relationship to the public health, safety, morals or general welfare, and directing the City of South Miami to rezone Hillbauer's property not more restrictive than residential office, RO.
On appeal therefrom, the City contends (1) that Hillbauer did not sustain the burden of demonstrating the invalidity of the zoning ordinance which is presumed to be valid, in that he did not prove that it deprived him of the beneficial use of his property by precluding all uses or the only use for which it is suited, and (2) that he did not sustain his burden of proof under the fairly debatable rule.
Hillbauer responds that he sustained both burdens with competent and substantial expert testimony which showed that under these circumstances, where Hillbauer's property is the last remaining lot fronting on the west side of Red Road north of S.W. 80th Street up to U.S.I. zoned single family residential, such zoning is unsuitable and unreasonable due to the change in development of such west side, including Hillbauer's block up to and including the office building on the lot immediately next door as well as heavy traffic congestion on all sides of his property.
Although zoning regulations which promote and preserve the integrity and residential character of the neighborhood are related to the general welfare of the community and are a valid exercise of legislative power, City of Miami v. Zorovich, Fla.App. 1967, 195 So.2d 31, in the instant case the record clearly shows that changing the residential zoning of the Hillbauer property will not destroy the character of the neighborhood since it has already been altered by previous zoning changes. Thus, the single family zoning on Hillbauer's property is arbitrary and unreasonable and cannot be characterized as fairly debatable. See Kugel v. City of Miami Beach, Fla.App. 1968, 206 So.2d 282. The aggregate of the multiple family zoning of the property fronting on the east side of Red Road north of S.W. 80th Street, the residential office zoning and use of the property immediately adjacent *243 to Hillbauer's property and the zoning classification for uses more liberal than single family residential on property fronting on the west side of Red Road as well as traffic congestion on the front and side of his property impel us to the conclusion that any zoning more restrictive than residential office is arbitrary and unreasonable as applied to the subject property and we find that it amounts to confiscatory regulation of such property. See Root v. City of South Miami, Fla.App. 1966, 190 So.2d 359.
Affirmed.