328 So.2d 864 (1976)
ORANGE COUNTY, Florida, a Political Subdivision of the State of Florida, et al., Appellants,
v.
BUTLER ESTATES CORPORATION et al., Appellees.
No. 75-553.
District Court of Appeal of Florida, Fourth District.
March 19, 1976.
Rehearing Denied April 14, 1976.
Steven R. Bechtel, of Mateer & Harbert, Orlando, for appellants.
Davisson F. Dunlap, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Orlando, for appellees.
WALDEN, Chief Judge.
The zoning authority of Orange County appeals a trial court order requiring it to *865 rezone appellees' property in accord with the following guideline:
"any rezoning less than close to sixteen (16) dwelling units per gross residential acre for garden apartments on the Petitioners' property would not comply with ... [this court's] Amended Order."
For background this court has affirmed, as modified, a past order of the trial court in this same cause, in Orange County v. Butler Estates Corporation, 303 So.2d 66 (4th DCA Fla. 1974):
"Although the final judgment directing appellant to rezone appellees' property to a zoning classification no less liberal than a P-D zoning classification is not a judicial assumption of a legislative power, we are of the view that to direct the appellant to rezone such property `in accordance with the [appellees'] application' does, indeed, constitute an encroachment upon the exercise of the legislative power of the appellant." Id. at 67.

This opinion was rendered upon an appeal by the zoning authority which had originally sought to deny appellees' rezoning request altogether. Upon remand the trial court entered an order with the following directive:
"... to [forthwith] rezone the Petitioner's property to a zoning classification not less liberal than a P-D zoning classification with a guideline as to units per gross residential acre, the zoning on the adjacent property, [the `Russell Tract']."
The "Russell Tract" had been approved at 19.1 units per acre. The Zoning Authority of Orange County rezoned the subject property, in an attempt to comply with the order. The trial court then found that this rezoning was not in accord with the amended order, and entered the order now appealed. We reverse, and hold that the rezoning was sufficient to comply with the trial court's amended order. The facts and circumstances attending the rezoning rendered the decision of the zoning authority a fairly debatable one.
The property in question covers approximately 113.5 acres. The developer had originally requested zoning for 1,595 multi-family dwelling units at a gross residential density of 14.9 dwelling units per acre. After the trial court entered its amended order, appellees presented a revised plan proposing 1,671 dwelling units at a gross residential density of 15.9 dwelling units per acre. Following a public hearing the Board of Commissioners approved a development of what they deemed to be 10.1 gross dwelling units per acre. This figure was arrived at by reducing the total planned development acreage by 38 acres, on the grounds that that acreage was in a natural drainage and flood prone area, and was in an area not properly situated for proposed recreation and business sites. Appellees owners, however, included the 38 acres in the acreage total when making a determination of gross unit per acre permitted by the revised zoning, and concluded the development had been approved at only 6.1 units per acre. The determination of units per acre must be made upon the number of gross acres, a term defined in Art. XXIX § 2 of the Orange County Planned Development District:
"An acre of land committed to the explicit use of residential, commercial, or industrial buildings or structures, or which provides access or contributes to the amenities of the development, such as private or public park areas, open space, streets, access drives to parking lots, and parking lots. Land devoted to school buildings, water areas, utility plants, and property similarly used shall not be included."

The determination of the Zoning Authority to delete the 38 acres from development was one within its discretion, but when the gross acreage measurement was calculated the 38 acres should have been included in the land total. We note that full credit *866 was given on total acreage set aside as flood prone areas when the adjacent tract was rezoned. The unit allowance is, therefore, 6.1 units per acre. Notwithstanding this figure is less than the 19.1 units per acre permitted the adjacent property, (the Russell Tract), the zoning authority has presented ample evidence of considerations that affected its decision and made it a fairly debatable one. Although the Russell Tract was permitted a higher density, it is closer to a commercial intersection; the zoning authority found by studies that the Russell Tract lent itself to a more logical vehicular pattern. It does not follow that simply because one tract of land has a certain density or use, that the adjoining properties must receive, or are suited for, the same use. In City of Miami Beach v. Wiesen, 86 So.2d 442 (Fla. 1956), the Supreme Court noted that such a theory would lead to the eventual destruction of any zoning plan by "judicial erosion." See City of Miama Beach v. Ocean & Inland Co., 147 Fla. 480, 3 So.2d 364 (1941). The zoning authorities presented evidence the two properties were dissimilar in regard to soil types and flood prone areas. They presented testimony relative to the dissimilar shapes of the properties, and their dissimilar locations. The Zoning Board gave evidence that the plan for the Russell Tract provided for a graded density towards the instant property, and that the instant rezoning was a continuation of that receding density. The zoning authorities were mindful that they wished to keep high density development from extending into areas planned for continued agricultural zoning. It is notable that the majority of the surrounding properties were zoned for only one unit per acre under the rural classification. Therefore this situation can be distinguished from authorities holding zoning to be arbitrary and confiscatory, most of which deal with areas that had become islands by virtue of more liberally zoned surroundings. Tollius v. City of Miami, 96 So.2d 122 (Fla. 1957); City of South Miami v. Hillbauer, 312 So.2d 241 (3d DCA Fla. 1975); Davis v. Sails, 318 So.2d 214 (1st DCA Fla. 1975); Stokes v. City of Jacksonville, 276 So.2d 200 (1st DCA Fla. 1973); Metropolitan Dade County v. Pierce, 236 So.2d 202 (3d DCA Fla. 1970); Manilow v. City of Miami Beach, 213 So.2d 589 (3d DCA Fla. 1968).
These considerations warrant the decision that the rezoning was fairly debatable and therefore proper. City of St. Petersburg v. Aikin, 217 So.2d 315 (Fla. 1968); City of Miami Beach v. Wiesen, supra; City of Miami Beach v. Lachman, 71 So.2d 148 (Fla. 1953); Watson v. Mayflower Property, Inc., 223 So.2d 368 (4th DCA Fla. 1969); McCormick v. City of Pensacola, 216 So.2d 785 (1st DCA Fla. 1968). Though a judicial forum might disagree with a zoning decision, it is not permitted to substitute its discretion for that of the legislative body if the issue is a fairly debatable one. City of Miami Beach v. Wiesen, supra; City of Miami v. Schutte, 262 So.2d 14 (3d DCA Fla. 1972). It was petitioners' burden to prove the rezoning, made upon a new petition, was an abuse of discretion, City of Miami Beach v. Wiesen, supra; Town of Hialeah Gardens v. Hebraica Community Center, Inc., 309 So.2d 212 (3d DCA Fla. 1975); Board of County Commissioners v. Ralston, 284 So.2d 456 (2d DCA Fla. 1973); Miles v. Dade County, 260 So.2d 553 (3d DCA Fla. 1972); Watson v. Mayflower Property, Inc., supra; Manilow v. City of Miami Beach, supra; McCormick v. City of Pensacola, supra; Metropolitan Dade County v. Kanter, 200 So.2d 624 (3d DCA Fla. 1967), but these petitioners did not sufficiently carry that burden. This being so, there is nothing to warrant any judicial intervention into the decision of the Zoning Authority.
We reverse the final order of the trial court and hold the action of the zoning authorities was proper under the fairly debatable rule and the mandates of the law of the case.
*867 REVERSED AND REMANDED.
OWEN, J., concurs.
DOWNEY, J., dissents with opinion.
DOWNEY, Judge (dissenting).
While agreeing with much of what is said in the majority opinion, I cannot agree with the conclusion reached therein.
This litigation commenced when the county commission refused to rezone appellees' property. The circuit court ruled the zoning classification was confiscatory and directed the county to rezone the property to no less liberal a zoning classification than P-D, in accordance with the property owner's application. On appeal this court, in Orange County v. Butler Estates Corporation, Fla.App. 1974, 303 So.2d 66, affirmed the judgment of the trial court as modified  the modification being the deletion of the words "in accordance with the [appellees'] application."
Upon remand the trial court ordered the county to rezone the property to a classification no less liberal than a P-D zoning classification "with a guide line as to units per gross residential acres, the zoning of the adjacent property [the Russell Tract]". Thereupon the appellees and the County Zoning and Planning staff made numerous attempts to reach a satisfactory resolution of the problem without success. So after several public hearings the county commission rezoned the property to a P-D zoning classification with numerous conditions, including a residential density of 10.1 dwelling units per acre, after excluding 38 acres from consideration in determining the gross number of residential acres available.
Upon further consideration of this rezoning and after hearing the testimony of the County Planning Director, the trial court entered the judgment appealed from holding that the county had not complied with the court's order in that it had improperly excluded the 38 acres from consideration in determining the proper number of gross residential acres involved. The court also held the number of allowable dwelling units per acre was also insufficient. The judgment then directed the county to reconsider the matter and allow not less than approximately 16 dwelling units per gross residential acre.
In my judgment this record justifies the county commission in treating appellees' property somewhat differently than the adjacent property known as the Russell Tract. The dissimilarities are sufficiently numerous to warrant a less liberal use of appellees' property. However, the record also supports the trial judge's conclusion that the county was not justified in excluding the 38 acres in question in determining the number of gross residential acres available so as to calculate the number of dwelling units per acre to be allowed. As the trial court found, if those 38 acres are included in the calculation, the property owner would be allowed approximately 6.1 dwelling units per acre. But in my opinion the the propriety of restricting appellees' use of their property to 6.1 dwelling units per acre, even after after giving full consideration to such differences as exist between appellees' property and the Russell Tract, would not be fairly debatable. On the contrary, I believe it would be an arbitrary determination and thus unacceptable. As a matter of fact, even the appellants have not argued here that allowance of 6.1 dwelling units per acre is a reasonable restriction. Appellants simply contend that taking the gross residential acreage which the county determined to be approximately 75 acres, the allowable dwelling units of 10.1 per acre is fair.
Therefore, I would approve the trial judge's action in sending the matter back to the county commission for further consideration so that the commission could, in its legislative wisdom, arrive at a more reasonable *868 determination of the number of allowable residential dwelling units per acre. On the other hand, the portion of the judgment under consideration which specifies the number of dwelling units which the commission must allow as no less than 16 is, I think, an incursion into the sphere of legislative influence which should be avoided. That is the sense of the modification this court imposed on the trial court's original judgment in the first appearance of this case in this court.
Of course, I realize that a point may be reached where it may become necessary for courts to "take the bull by the horns" as they have sometimes done when a legislative body simply refuses to act. See, e.g., Hillsborough County v. Twin Lakes Mobile Home Village, Inc., Fla.App. 1964, 166 So.2d 191. But there is no suggestion here of bad faith on the part of the appellants. On the contrary, the record is replete with evidence that all of the parties here have extended themselves in an effort to resolve this controversy in a manner consistent with their divergent views. So we have no reason to believe that the appellants would not once again in good faith attempt to follow the instructions of the court and exercise their legislative discretion fairly and reasonably.
As a final point, I think we would be remiss if we did not note that the trial judge has labored mightily in this case to help facilitate the resolution of this controversy. The judgment under review demonstrates that he has given the matter considerable thought and reflection in his efforts to reach a practical and acceptable determination of the issues.
For the foregoing reasons I would modify the judgment on appeal to eliminate the provision thereof requiring appellants to allow a designated number of dwelling units per acre and affirm the judgment as modified.