PER CURIAM.
Dade County has filed a petition for cer-tiorari, seeking the review of an order and opinion of the circuit court (appellate division) quashing a zoning resolution of Metropolitan Dade County, which denied a change of a district boundary.
*810 The County challenges the appellate division’s determination that the action of the Board of County Commissioners (in refusing to rezone Valdes’ property in accordance with his request) was arbitrary, unreasonable and cannot be characterized as fairly debatable. Valdes applied from the County for a zoning change from RU-2 to BU-1 (neighborhood business). He had previously been granted a use variance on his property to permit an insurance office within his single family residential structure. He now wanted to construct four separate professional offices on the property. A public hearing was held, at which the matter was discussed and deferred for later decision. Later, both the Building and Zoning and the Planning Departments recommended denial of Valdes’ zoning application. The staff recommended against granting the zoning request on the basis that the change would be detrimental to the residential character of the neighborhood [the property involved has been used as a single family dwelling]. The property itself is located on Coral Way near the Westches-ter Shopping Center. Although the neighborhood is residential in appearance, it is in fact no longer used exclusively as a residential neighborhood.
Later, after several public hearings, at which Valdes was permitted to introduce evidence as to the nature of the neighboring uses, the County Commissioners adopted Resolution No. Z-231-77 denying the requested district boundary change. The Commission refused to allow Valdes to rezone his property from RU-2 to RU-5 (semi-professional office and apartments); Valdes had scaled down his original requests. Valdes then sought certiorari review in the circuit court, contending that the action of the Commission was arbitrary, unreasonable and not fairly debatable. After a hearing, the appellate division held that there was no basis whatsoever for the continued provision that the property be zoned for residential use only and no basis for the denial of the application to change the zoning to the classification sought. The appellate division concluded that this court’s decision in City of South Miami v. Hillbauer, 312 So.2d 241 (Fla.3d DCA 1975)[1] was directly applicable. The appellate division granted the petition, entered a writ of certiorari quashing the zoning resolution, and directed the Commission to grant the application of Valdes for a district boundary change from RU-2 to RU-SA. The County now seeks review of the action of the appellate division.
We quash the order and opinion of the circuit court. First, the issue was clearly debatable as it appeared by the County Commission and, therefore, the applicant failed to carry its burden. County of Brevard v. Woodham, 223 So.2d 344 (Fla.4th DCA 1969); Renard v. Dade County, 261 So.2d 832 (Fla.1972); S. A. Healy Company v. Town of Highland Beach, 355 So.2d 813 (Fla.4th DCA 1978). Secondly, the action of the Circuit Court, Appellate Division would have permitted the erection of a commercial building in a residential area (certainly residential in appearance) and this clearly would have constituted spot zoning and, therefore, was erroneous on this ground. Further, the order under review directed the County to affix a certain zoning classification to a particular piece of property; this is clearly contrary to announced decisions of the courts of this State. City of Miami Beach v. Weiss, 217 So.2d 836 (Fla.1969); Metropolitan Dade County v. McGeary, 291 So.2d 28 (Fla.3d DCA 1974); Town of Longboat Key v. Kirstein, 352 So.2d 924 (Fla.2d DCA 1978).
Therefore, for the reasons above stated, the opinion and order of the Appellate Division of the Circuit Court be and the same is hereby quashed.

. We find this decision to be distinguishable from the facts in the instant case. In Hillbauer, the court noted that his property was the ***** soie remaining property north of S.W. 80th Street fronting on the west side of Red Road which is limited to single family residential use. * * * ” We find this not to be the case in this cause; there were many other properties in the area similarly situated to the Valdes property.