172 So.2d 820 (1965)
R.H. BURRITT, Petitioner,
v.
Bob HARRIS, Ray Greene, Lem Merrett, Julian Warren and Fletcher Morgan, as and Constituting the Board of County Commissioners of Duval County, Florida, and John H. Crosby, as Zoning Director of Duval County, Florida, Respondents.
No. 33670.
Supreme Court of Florida.
March 17, 1965.
*821 Delbridge L. Gibbs, of Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, for petitioner.
J. Henry Blount and Thomas D. Oakley, Jacksonville, for respondents.
CALDWELL, Justice.
This cause is here on petition for writ of certiorari to review the decision of the District Court of Appeal, First District, *822 holding the respondents did not abuse their authority in declining to rezone petitioner's property. We have jurisdiction.
Petitioner owns sixty-five (65) acres of unimproved land, the western and southern boundaries of which abut Imeson Municipal Airport of the City of Jacksonville. The property in question is zoned residential "A" although, with the exception of the airport, the predominant zoning in the general vicinity is industrial "B", suited to industries creating noise, smoke and odors. A small parcel is zoned industrial "A", the most restrictive of the two industrial zones, and the remaining portion including petitioner's property and some fifteen or twenty homesites, is zoned residential "A", the most restrictive of five residential zones. The record indicates seven petitions to rezone other lands in the general area to industrial "A" have been granted by respondents.
The uncontradicted testimony, including that of the respondents, shows the property to be unsuitable for residential use because of the noise from the airport and the obnoxious odor from a nearby pulp and paper plant. In 1962, prior to an expansion of the airport facilities, there were 98,960 take-offs or landings at the airport. It was shown that neither Federal Housing Administration nor Veterans Administration mortgage loans would be available for home construction.
Petitioner filed several applications for relief by way of rezoning from residential "A" to industrial "A", all of which were denied. He then brought suit seeking an injunction against the respondent prohibiting their enforcement of any zoning regulation more restrictive than industrial "A". The Circuit Court dismissed the suit and the District Court of Appeal affirmed on the ground that the zoning of the property for residential use was "fairly debatable" and the petitioner had failed to show such zoning to be arbitrary. We must disagree.
The respondents admitted in argument the property was unfit for residential use but they contended that the petition for rezoning was premature, since the airport might be moved to another location, and that to allow rezoning could create an airport hazard. Respondents urged consideration of the fact that the property was zoned residential "A" when the petitioner acquired it in 1956 and has appreciated in value since that time. We find no merit in these contentions.[1]
It is not established that the zoning restriction here imposed bears substantially on the public health, morals, safety or welfare of the community. In Forde v. City of Miami Beach, 146 Fla. 676, 1 So.2d 642, 646 (1941) this Court held:
"Restrictions on private property must be kept within the limits of necessity for the public welfare or it will be recognized as an unlawful taking. Averne Bay Constr. Co. v. Thatcher, 278 N.Y. 222, 15 N.E.2d 587, 117 A.L.R. 1110. And when property, restricted to a defined use by a zoning ordinance, changes its physical character from natural causes to the extent that it is no longer adaptable to the use it is zoned for, then it becomes the duty of the zoning board to relax its restrictions to prevent confiscation just as much so as in the case where the regulation was invalid in the first instance. See State ex rel. Taylor v. [City of] Jacksonville, supra [101 Fla. 1241, 133 So. 114]; Ex parte Wise, 141 Fla. 222, 192 So. 872."
The same rule applies where changes in the character of the community have occurred. In Tollius v. City of Miami, 96 So.2d 122, 124, 126 (Fla. 1957) we held:

*823 "It may be that when the zoning ordinance was passed this need existed and the legislative act could not have been defeated or thwarted because then it could have been fairly debated. But the need twenty years later seems to have been so dissipated by the intervening phenomenal growth of the City of Miami that it is now so out of proportion to the interference with the use of the appellant's property that the exercise of the police power cannot be upheld."
The evidence that industrial use of petitioner's property would increase the hazardous condition surrounding the airport is not convincing. On that point, one of the airport zoning commissioners testified there was some concern over the "stacks and smoke being produced by St. Regis" paper mill and that the Airport Zoning Commission had discussed the need for controlled zoning around the airport but that, so far as hazards are concerned, he believes the Airport Zoning Commission does not "control useage of land but only height." The county engineer and zoning director testified he had several times recommended against granting the petitioner's application, "not because of the proximity to the airport" but for other reasons. It seems clear the respondents' decision to continue the residential zoning of the petitioner's property was not motivated by a fear of increased hazard around the airport.
The constitutional right of the owner of property to make legitimate use of his lands may not be curtailed by unreasonable restrictions under the guise of police power.[2] The owner will not be required to sacrifice his rights absent a substantial need for restrictions in the interest of public health, morals, safety or welfare.[3] If the zoning restriction exceeds the bounds of necessity for the public welfare, as, in our opinion, do the restrictions controverted here, they must be stricken as an unconstitutional invasion of property rights.[4]
The petitioner sustained the burden of proving his property was unsuitable for classification more restrictive than industrial "A". The respondent failed to demonstrate the question was debatable.
It is not the function of a court to rezone property but, the facts and circumstances of this cause considered, it is our function to determine at what point zoning restrictions become arbitrary. The evidence having conclusively shown the petitioner's property to be unfit for residential purposes, it is our view the petitioner's rights should be settled here by holding the respondents are required to rezone petitioner's property to a classification not more restrictive than industrial "A".
The decision of the district court is quashed and the cause is remanded for further proceedings in accord with the views herein expressed.
It is so ordered.
THOMAS, Acting C.J., and ROBERTS and O'CONNELL, JJ., concur.
ERVIN, J., dissents.
NOTES
[1] Oka v. Cole, 145 So.2d 233, 236 (Fla. 1962); and Forde v. City of Miami Beach, 146 Fla. 676, 1 So.2d 642 (1941).
[2] State of Washington ex rel. Seattle Title Trust Company v. Roberge, 278 U.S. 116, 49 S.Ct. 50, 73 L.Ed. 210; State ex rel. Helseth v. DuBose, 128 So. 4, 99 Fla. 812.
[3] Tollius v. City of Miami, Fla., 96 So.2d 122, 125, citing City of Miami Beach v. Lachman, Fla., 71 So.2d 148.
[4] Blitch v. Ocala, 142 Fla. 612, 195 So. 406.