189 So.2d 501 (1966)
Suzanne C. SHEARER, Appellant,
v.
METROPOLITAN DADE COUNTY, Appellee.
No. 65-949.
District Court of Appeal of Florida. Third District.
August 9, 1966.
Rehearing Denied September 13, 1966.
*502 William W. Charles, Miami, for appellant.
Thomas C. Britton, County Atty., and St. Julien P. Rosemond, Asst. County Atty., for appellee.
Before CARROLL and SWANN, JJ., and BOYER, TYRIE A., Associate Judge.
CARROLL, Judge.
This is an appeal by a landowner from an order of the circuit court in Dade County denying her petition for certiorari. Appellant had applied for a change of zoning of her property from one acre estates to modified apartment house classification (RU-4M). The county zoning appeals board and the commission declined. The circuit court denied certiorari on the ground "that the question of zoning is at least fairly debatable and that the petition is not well taken." On the record made the appellant was entitled to liberalization of the zoning, and we reverse. See Forde v. City of Miami Beach, 146 Fla. 676, 180 So.2d 642; Tollius v. City of Miami, Fla. 1957, 96 So.2d 122; Burritt v. Harris, Fla. 1965, 172 So.2d 820; Lawley v. Town of Golfview, Fla.App. 1965, 174 So.2d 767.
Appellant owns 7 1/2 acres of land, acquired in 1938 located southwest of the City of Miami on Galloway Road and Southwest 94th Street, and heretofore used as a riding academy. Due to the population growth in the area and the disappearance of riding trails, that former use is terminated. The tract lies in an area previously zoned for residential estates. A short distance to the north is North Kendal Drive, recently four laned and subject to building activity and population growth. To the west is the Baptist Hospital property, and between it and Galloway Road, just west of the subject property, are a number of commercial and apartment buildings, including a medical complex and a nursing and convalescent home. Directly south of appellant's property, in the area zoned for estates, there is a church. To the north and east of the area zoned for estates the land has been subdivided into the usual blocks and lots. The "estate" area has not been developed into residential estates, although several houses are located therein. Nearby owners offered no objection and generally were in favor of the appellant's requested change of zoning for the subject tract. The testimony of one of them is enlightening, viz.:
"Mr. Carter: My house is the white house. My house is right next to the Shearer property.
"Mr. Charles: Is there anything else you would like to say?

*503 "Mr. Carter: Yes. The main reason I am for it, when you put a convalescent home across the street from me, I did not object. When they put apartments to the right of me, I did not object. When they put apartments to the left I did not object, and now they have a church just south of the Shearer property to which I did not object either.
"However, this property seems to be boxed in by the same type of zoning, so I do not think there is any valid objection to the zoning."
The record sufficiently discloses that the appellant sustained her burden of showing her property was unsuitable for its estate zoning classification. It is not the function of the court to rezone property, but it is our function, when facts and circumstances disclosed so prompt, to determine at what point zoning restrictions become arbitrary. Burritt v. Harris, supra. That point has been reached here. Moreover, in our opinion, on the facts disclosed, it would be arbitrary to impose on the appellant's property a zoning classification more restrictive than the modified apartment classification which was sought for this tract of land located as it is and fronting on Galloway Road.
Applicable here is what was said by the Supreme Court of Florida, speaking through Justice Caldwell, in Burritt v. Harris, supra, (172 So.2d at 823) as follows:
"The constitutional right of the owner of property to make legitimate use of his lands may not be curtailed by unreasonable restrictions under the guise of police power. The owner will not be required to sacrifice his rights absent a substantial need for restrictions in the interest of public health, morals, safety or welfare. If the zoning restriction exceeds the bounds of necessity for the public welfare, as, in our opinion, do the restrictions controverted here, they must be stricken as an unconstitutional invasion of property rights."
Accordingly, the judgment appealed from is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.