236 So.2d 202 (1970)
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
Walter M. PIERCE, Appellee.
No. 69-963.
District Court of Appeal of Florida, Third District.
June 9, 1970.
Rehearing Denied June 29, 1970.
Thomas C. Britton, County Atty., and St. Julien P. Rosemond, Asst. County Atty., for appellant.
Aronovitz, Aronovitz & Haverfield, Miami, for appellee.
Before PEARSON, C.J., and BARKDULL and HENDRY, JJ.
PER CURIAM.
In 1968, the appellee, Pierce, filed his application in order to change the AU zoning of his property to RU-4M (multiple family), so that the property could be used for multiple family apartments. The initial hearing was held before the Zoning Appeals Board, and, on January 15, 1969, that agency recommended approval of the application, embodying such approval in Resolution No. 4-2AB-61-69.
Dade County, appellant herein, sought review of the above approval, and hearing *203 was held before the Dade County Board of County Commissioners. The Commissioner denied the specific zoning sought, but did rezone the subject property to EU-1 in Resolution No. Z-97=69.
Certiorari proceedings were then initiated in the circuit court, as a result of which the court ordered that the subject property should be rezoned to a zoning classification not less liberal than RU-4M.
The appellant has appealed the above order of the circuit court, contending that Pierce has not demonstrated that his property cannot be used for single family use as it was zoned by the county commission, nor has he carried the burden of proving that the issue of the reasonable use of his property was not fairly debatable. Having reviewed the record and briefs of counsel, we are convinced that the court ruled correctly. The one hundred, twenty acre parcel of realty which composes the physical block on which the appellee's property is located contains numerous and substantial commercial improvements in the Baptist Hospital complex, The Crittenton Home for Unwed Mothers, The South Miami Riding Club, The Snapper Creek Nursing Home, and all attendant automobile traffic and noise. It was demonstrated that 80% of this one hundred, twenty acre tract has already been commercially developed.
We feel that the trial judge accurately determined the germane facts and applied the law when he held as follows:
"The county recommended by its General Land Use Master Plan of Dade County that, with the exception of the hospital, the property in the block be comprehensively zoned for single-family development. However, the county by its own conduct has caused extensive encroachment into this comprehensive plan. Not one single-family home has been built in the block since the development of the hospital property.
"Further, across Galloway Road to the east has recently been constructed apartment house complexes and a few blocks further east is located Dadeland Shopping Center, a regional shopping center. To the west exist apartment houses, town houses, single-family houses and a shopping [center]. To the north, across North Kendall Drive exist the K-Land youth recreational center and stables, a fish farm, a gas station and a grocery store. To the south is property zoned for single family development and separated from Petitioner's block by S.W. 94 Street.
* * * * * *
"Florida Courts have frequently had occasion to express the law relating to zoning matters. In this regard, our courts have uniformly ruled that restrictions on private property must be kept within the limits of necessity for the public welfare or it will be recognized as an unlawfully taking. Forde v. City of Miami Beach, Fla., 146 Fla. 676, 1 So.2d 642 (1941). Similarly, the constitutional right of the owner of property to make legitimate use of his lands may not be curtailed by unreasonable restrictions under the guise of the police power. The land owner will not be required to sacrifice his rights absent a substantial need for restriction in the interest of the public health, morals, safety or welfare. Burritt v. Harris, Fla., 172 So.2d 820, (1965).
"Since Village of Euclid v. Amber [Ambler] Realty Co., 272 U.S. 365, 47 Sup.Ct. 114, 71 L.Ed. 303 (1926), courts have applied the `fairly debatable' rule to cases involving zoning matters. This rule is based on the predicate that legislative functions are to be performed by our legislative bodies and judicial functions are confined to the judiciary. The rule itself is clear, however, its application *204 has often caused us difficulty. The Supreme Court of Florida has recently clarified its application. When the zoning authority itself has encroached upon its comprehensive zoning scheme it cannot be said to be `fairly debatable' when property in the area is rezoned to a classification compatible with the area's changed condition. City of Miami [Beach] v. Manilow, Fla. 226 So.2d 805 (1969), Case No. 37,929, opinion filed September 10, 1969.
"The facts in this case evidence that since the Petitioner purchased his property and built his home the county has permitted improvement of the block by the hospital complex, the home for unwed mothers, the nursing home, office buildings, clinics and apartment houses. All of these establishments constitute deviations from the county's comprehensive zoning plan and result in a changed condition of the area. The development of this block and Petitioner's desired use of RU-4M are compatible with the uses the county has already permitted in the block.
"The Court concludes that Dade County Resolution No. Z-97-69 deprives Petitioner of all uses or the only use to which the property may reasonably be adapted and constitutes an arbitrary, unreasonable exercise for the police power that has no relationship to the public health, morals, safety or welfare of the community; and it is thereupon
"CONSIDERED, ORDERED AND ADJUDGED that the Petitioners' application for Writ of Certiorari is granted, Responden't Resolution No. Z-97-69 is quashed, and Respondent is ordered and directed to forthwith rezone Petitioners' property to a zoning classification not less liberal than RU-4M."
Affirmed.