PER CURIAM.
The appellants instituted these proceedings by filing a petition with the Zoning Appeals Board requesting a rezoning of their property which is located in South Dade County. The Building and Zoning Department, as well as the County Planning Department, both recommended that the application be denied, and the Zoning Appeals Board, acting upon those recommendations, did deny the request that the property be rezoned to accommodate a four story apartment building. An appeal was taken to the County Commission, which was of the opinion that although the area was presently zoned AU (Agricultural Use), and it should be changed from that zoning classification, the property should not be granted a classification which would allow the construction of a high rise apartment building.
Ultimately, the County Commission recommended the property be zoned EU-1, *344 since the parcels of land contained in the same general area were of that zoning. Certiorari was taken to the Circuit Court, and the writ for certiorari was denied. This appeal has followed.
The property in question is located on the east side of S.W. 92nd Avenue between the theoretical boundaries of S.W. 92nd Street and S.W. 94th Street. It is argued by the appellee that to grant the appellants their requested rezoning classification of RU-4M would increase traffic in the area by an unreasonable amount to the detriment of the estate residences in the general location; that proper sewage disposal would not be available for the amount of apartments to he built; that the construc•tion of high rise apartments will create an unsightly appearance and that such apartment buildings would be incompatible with the character of the neighborhood which contains houses ranging from $35,000 to $100,000 in value.
The appellants counter the arguments of the county by pointing out the proximity of other apartment complexes to the subject property; the submitted architectural plans which allow for the construction of less than maximum permitted units per acre, and the projected plans to landscape 50% of the subject property in order to preserve the aesthetic value of the land itself; that the existing and projected sewage facilities are more than adequate to service the area in the event that apartments are built thereon; and finally, the general nature of the surrounding property which includes the Baptist Hospital complex, the South Miami Riding Club, a nursing home, another public institution, plus adjacent apartment house developments.
The test to be applied by this court in reviewing the decision of the circuit court is referred to as the “fairly debatable” test. The rule was summarized in Smith v. City of Miami Beach, Fla.App.1968, 213 So.2d 281, when the court stated:
“The courts will not ordinarily substitute their judgment for that of the legislative body of a municipality. The time-honored test established by the United States Supreme Court is whether or not the particular ordinance, as applied to the particular piece of property, is ‘fairly debatable’. If it is such it should be sustained. If it is not, the courts were justified in striking it down. However, it has many times been pointed out that the burden of parties seeking relief from a zoning ordinance as to a particular piece of property is an extraordinary one. Neubauer v. Town of Surfside, Fla.App.1966, 181 So.2d 707.”
After a close examination of the record, we are compelled to hold that the zoning regulation in question is no longer “fairly debatable” and that this property must be rezoned to allow a reasonable use thereon. “In zoning cases, each issue created must be decided as and when it arises, and must depend upon the facts in each particular case * * * ”, Waring v. Peterson, Fla.App.1962, 137 So.2d 268, 272. It appears that 80% of the block containing the appellant’s property has been commercially developed at this point in time. This development has already imparted a character to the block which is incompatible with the single family development allowed by the present zoning. This court has, in the past, recognized the influence of the Baptist Hospital complex, the adjacent riding club and nursing homes, and the other factors connected with large scale public and commercial use in this area, in the case of Shearer v. Metropolitan Dade County, Fla.App.1966, 189 So.2d 501. As in Shearer, we here feel that the appellants have sustained their “ * * * burden of showing [their] property was unsuitable for its estate zoning classification.” Id. at 503.
In conclusion then, the order of the circuit court which denied certiorari to the appellants is hereby reversed and the cause remanded with directions to rezone the *345 subject property to a classification not more restrctiive than RU-4M.[1]
Reversed and remanded with directions.

. See Metropolitan Dade County v. Pierce, Fla.App.1970, 236 So.2d 202 (Opinion filed this date) relating to property similarly located and adjacent to the property involved herein.