PER CURIAM.
This court issued its decision and opinion on August 6, 1968 concerning the zoning of certain lots located in Miami Beach, Florida. Manilow v. City of Miami Beach, Fla.App.1968, 213 So.2d 589.
The trial court rendered a final judgment dated October 3, 1968 in accordance with our mandate. The final judgment, in part, held that the City’s Zoning Ordinance 289 was “arbitrary and void”, as applied to these lots, and that it would be “arbitrary and unreasonable” for the City to impose “a zoning classification more restrictive than RE multiple family zoning”, as defined in that ordinance. A permanent injunction was entered restricting the City “from imposing against Plaintiff’s property a zoning more restrictive than RE multiple family zoning as defined in said Zoning Ordinance.”
The final judgment ordered the City, within ten days, to amend Zoning Ordinance 289 “applicable to the Plaintiff’s said property so as to remove Plaintiff’s said property from its present RA estate district zoning classification and place the same in a zoning classification specified in said zoning ordinance not more restrictive than that now provided in RE multiple family district classification contained in said ordinance.” There was no appeal taken from the rendition of that final judgment.
The city filed a petition, seeking certiora-ri to the Supreme Court of Florida from the decision and opinion of August 6, 1968. The Supreme Court discharged a writ of certiorari previously issued and held that we had properly disposed of the *171 matter. City of Miami Beach v. Manilow, Fla.1969, 226 So.2d 805. The United States Supreme Court denied certiorari from the decision of the Florida Supreme Court on March 9, 1970. See 397 U.S. 972, 90 S.Ct. 1088, 25 L.Ed.2d 266. After rendition of the final judgment of October 3, 1968 the city council passed and adopted two amendments to its zoning ordinance which changed the parking, set-back and lot coverage requirements affecting the lots involved in our prior decision and opinion.
Counsel for the appellee, Manilow, applied for a rule to show cause and for a motion to enforce the final judgment against the city.
The Circuit Court, on May 26, 1970, rendered an order which found in part that

the plaintiff, NATHAN MANILOW, has a vested right to the rezoning of the property described in said Final Judgment, under the provisions of the Defendant’s Zoning Ordinance No. 289 as it read and existed at the time of said Final Judgment:
“(2) That in strict accordance with the mandates of the appellate courts in this same cause, the Defendant City has been ordered to amend the use classification provision of its Zoning Ordinance No. 289 as applied to the Plaintiff’s said property on October 3, 1968; but the Defendant City now seeks, in addition, to amend the area district classification provision of said Zoning Ordinance No. 289 as it applies to the Plaintiff’s said property; but any such amendment of Zoning Ordinance No. 289 must not be more restrictive than the most restrictive area district classification of said Zoning Ordinance No. 289 which applied to the other three corners of the intersection of 41st Street and Pine Tree Drive as of October 3, 1968;
“(3) That the Defendant City, subsequent to October 3, 1968, has amended its Zoning Ordinance No. 289 and codified the said ordinance as amended as of March 1, 1969; but that the amendments to said Zoning Ordinance No. 289 subsequent to October 3, 1968 are void and of no effect as applied to the said property;
“(4) That on March 4, 1970 the City Council of the Defendant City has elected to rezone the said property to RE Multiple Family use, but has attempted illegally to apply the provisions of its Zoning Ordinance No. 289, as amended subsequent to October 3, 1968, to the said property, but the Court does not find that such attempt was contemptuous.”
It thereupon ordered:
“(1) That the City Council of the Defendant City, pursuant to the Final Judgment heretofore entered in this cause on October 3, 1968, complete the rezoning of the Plaintiff’s property described in said Final Judgment, at its next regular meeting, to a zoning under said Ordinance No. 289 as it provided on October 3, 1968 not more restrictive than RE Multiple Family use and the area district which then existed as to Plaintiff’s said property or such area district as is not more restrictive than the most restrictive as then applied to the other three corners of said intersection; and
“(2) That the amendments of the Defendant’s Zoning Ordinance No. 289 subsequent to October 3, 1968 as applied to the property described in said Final Judgment are void and of no effect; and
“(3) That the attempt of the Defendant’s City Council on March 4, 1970 to apply the provisions of the Defendant’s Zoning Ordinance No. 289 as amended subsequent to October 3, 1968, insofar as said provisions differ from the provisions of said Zoning Ordinance No. 289 as of October 3, 1968, is void and of no effect.”
The City of Miami Beach has appealed from this order.
*172 We hold that the order herein appealed is valid and correct and the City of Miami Beach, Florida is ordered and directed, through its proper councilmen, agents and employees, to comply with the terms, provisions and conditions thereof within twenty days from the date of this decision and opinion or this decision and opinion shall serve and be considered as the order rezoning the aforesaid property in accordance with the use classifications and the area district classifications which were effective on this property as of October 3, 1968.
Due to the protracted litigation involved in this matter, the time for filing a petition for re-hearing is shortened to a period of five days from the filing of this opinion. See West Flagler Associates, Ltd. v. Board of Business Regulation, etc., Supreme Court of Florida, filed October 20, 1970, 241 So.2d 369.
It is so ordered.