262 So.2d 14 (1972)
CITY OF MIAMI, a Municipal Corporation Chartered under the Laws of the State of Florida, et al., Appellants,
v.
Julio SCHUTTE, Individually and As Agent for Harlon Hummer, et al., Appellees.
No. 71-1035.
District Court of Appeal of Florida, Third District.
May 2, 1972.
Alan H. Rothstein, City Atty., and Larry J. Hirsch, Asst. City Atty., for appellants.
Nadler & Tunick, Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and CHARLES CARROLL, JJ.
PER CURIAM.
The City appeals an adverse ruling requiring rezoning of certain property in the vicinity of Miami International Airport.
The subject property and other property in the immediate vicinity was originally zoned C-5, which is referred to in the City Code as "liberal commercial". Subsequently, in 1968 and 1969, the City officials rezoned certain property adjacent to or across the street from the parcels involved *15 in the instant litigation to R-4, permitting multi-family or apartment house use. A sketch depicting the property involved is reproduced as follows:

LE JEUNE GARDEN ESTATES SEC. 3, Plat Book 44, Page 11, from C-5 (Liberal Commercial) to R-4 (Medium Density Multiple) District, located at N.W. 43rd Avenue at N.W. South.

"EXHIBIT G"

(This will be referred to as Plaintiff's Exhibit 1 as listed in Record on Appeal)

A. 67
The subject property is in two parcels, both of which border on Northwest South Tamiami *16 Canal Drive; the southernmost parcel is also bounded by Northwest 43rd Avenue, and the northernmost parcel is in the middle of the block with R-4 zoning to the southwest and R-4 zoning to the northwest, and bounded generally on the east by C-5 zoning. The application for the rezoning was recommended for denial by the Planning Board and, following hearings before the City Commission, the Commission sustained the recommendations of the Planning Board and refused to rezone the property. The attack in the trial court was that the action of the City was arbitrary and unreasonable and that the maintenance of the C-5 zoning on the subject property, when it was almost entirely surrounded by R-4 zoning, constituted spot zoning in reverse.
The chancellor took evidence and it appeared that one of the principal arguments by the City to sustain the action of the zoning authorities was that to permit multiple family dwellings would be hazardous to persons living therein, because of the proximity of the property to the International Airport. It was conceded that the property as zoned, C-5 Liberal Commercial, would have permitted a hotel or a motel to be constructed on this property. The chancellor found the action of the City zoning officials and the City Commission, in denying the change sought by the property owners, to be arbitrary and unreasonable and, in effect, enjoined them from enforcing any zoning construction more restrictive than R-4 upon the property in question.[1]
We affirm the action of the chancellor. Ordinarily, courts should not substitute their judgment for that of the legislative body of the governmental agency charged with the responsibility of administering zoning regulations. Town of Surfside v. Abelson, Fla.App. 1958, 106 So.2d 108; Smith v. City of Miami Beach, Fla. App. 1968, 213 So.2d 281. However, when the actions of a legislative body in enforcing zoning regulations are arbitrary or capricious, then the courts are required to act to protect the interests of the property owner. Burritt v. Harris, Fla. 1965, 172 So.2d 820; Kugel v. City of Miami Beach, Fla. App. 1968, 206 So.2d 282; Manilow v. City of Miami Beach, Fla.App. 1968, 213 So.2d 589.
It is to be remembered that ownership of real property carries with it the right to use said property for any lawful purpose, except as may be regulated under the police power of the governing authorities to protect the health and welfare of the community at large. State ex rel. Helseth v. DuBose, 99 Fla. 812, 128 So. 4; Tollius v. City of Miami, Fla. 1957, 96 So.2d 122; Burritt v. Harris, supra; Metropolitan Dade County v. Pierce, Fla.App. 1970, 236 So.2d 202. And, when the zoning regulations bear no reasonable relation to the health and welfare of the community at large, a citizen's property should not be subjected thereto. Of course, when a zoning regulation is "fairly debatable" then the courts are not empowered to interfere with the legislative action of a governing body. Metropolitan Dade County v. Kanter, Fla. App. 1967, 200 So.2d 624; Smith v. City of Miami Beach, supra; City of St. Petersburg v. Aiken, Fla. 1968, 217 So.2d 315; Metropolitan Dade County v. Greenlee, Fla.App. 1969, 224 So.2d 781. However, in attempting to determine what constitutes "fairly debatable", the Supreme Court of Florida has clearly indicated that the debate must be upon grounds that "makes sense". City of Miami Beach v. Lachman, Fla. 1953, 71 So.2d 148. It can't be said to "make sense", in the instant case, for the *17 City fathers on the one hand to permit the erection of apartment houses on property almost entirely surrounding the property involved in the instant case and to deny it on the appellee's property. This constitutes spot zoning in reverse. And, the action of the chancellor in directing that the subject property be permitted to be used in a manner compatible with the surrounding property was correct; to have done otherwise would have subjected the trial court to reversal under the decision of Lippow v. City of Miami Beach, Fla. 1953, 68 So.2d 827, wherein the Supreme Court reversed a trial court for refusing to rezone property when the record revealed no basis to continue the restrictive zoning. In said opinion the following is found:
* * * * * *
"We are reluctant to upset the legislative will but a careful examination of the situation presented in this case forces us to the conclusion that there is no basis whatever for the present zoning of appellants' property. The question is not fairly debatable. There is no other property in the immediate area identically situated. It is not the presence of the parking lots alone that renders the present zoning invalid because we realize full well that under certain conditions a parking lot might be an advantage rather than a disadvantage to an apartment or hotel. This fact, however, coupled with the businesses on all other sides and the complete change in the character of the neighborhood, renders the present zoning unconstitutional and void as to appellants' property. Stengel v. Crandon, 156 Fla. 592, 23 So.2d 835, 161 A.L.R. 1228. There is simply no relation whatever between the present zoning of the subject property and the general welfare of the community. * * *" [emphases added]
* * * * * *
Therefore, for the reasons above stated, the final judgment here under review be and the same is hereby affirmed.
Affirmed.
NOTES
[1] The chancellor also fixed a height limitation on the buildings, which would require any building erected on the subject property to be within the height limitations on buildings erected on the surrounding property. No cross-assignment has been taken by the appellees as to this height limitation and any improvements on the subject property will therefore be subject to the height limitation of 39 feet contained in the final judgment. From the record it appears that without the limitation fixed in this final judgment, an improvement could have been erected on the parcel to a height of 59 feet.