290 So.2d 536 (1974)
Alfred ARONOVITZ, Trustee, Appellant,
v.
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida, Appellee.
No. 73-781.
District Court of Appeal of Florida, Third District.
February 12, 1974.
Rehearing Denied March 6, 1974.
*537 Aronovitz & Weksler, Miami, for appellant.
Stuart Simon, County Atty., and Alan Gold, Asst. County Atty., for appellee.
Before BARKDULL, C.J., and PEARSON and CARROLL, JJ.
PER CURIAM.
The appellant, Alfred Aronovitz, Trustee, is the owner of undeveloped land which is located at the northeast intersection of S.W. 94th Street and 92nd Avenue. He appeals an order denying his petition for certiorari in the circuit court. The petition sought review of a County Commission resolution which rezoned appellant's property from RU-4M which allows apartments to EU-M which requires one-half acre estates. The appellee is Metropolitan Dade County. The controlling issue presented in a determination of whether the trial court departed from the essential requirements of law in the denial of petition for certiorari is: Whether there is any basis in the record for a determination by the County Commission that there was a change of circumstances in the area to justify the rezoning from the classification (RU-4M) which was placed upon the property by the County Commission pursuant to an order of the circuit court issued upon our mandate in Larkins v. Metropolitan Dade County, Fla.App. 1970, 237 So.2d 343. We hold that the circuit court did depart from the essential requirements of law in that the record does not reflect a change in the area other than a change to a greater percentage of business use of the land in the area, and that under such circumstances established law requires that the petition for certiorari be granted and the resolution of the County Commission rezoning appellant's property be quashed.
Appellant's property is the same property as the property described in Larkins v. Metropolitan Dade County, supra, and Metropolitan Dade County v. Pierce, Fla. App. 1970, 236 So.2d 202. In Larkins, we set forth the facts as follows:
* * * * * *
"It appears that 80% of the block containing the appellant's property has been commercially developed at this point in time. This development has already imparted a character to the block which is incompatible with the single family development *538 allowed by the present zoning. This court has, in the past, recognized the influence of the Baptist Hospital complex, the adjacent riding club and nursing homes, and the other factors connected with large scale public and commercial use in this area, in the case of Shearer v. Metropolitan Dade County, Fla.App. 1966, 189 So.2d 501.
In Pierce, we set forth the facts as follows:
* * * * * *
"The one hundred, twenty acre parcel of realty which composes the physical block on which the appellee's property is located contains numerous and substantial commercial improvements in the Baptist Hospital complex, The Crittenton Home for Unwed Mothers, The South Miami Riding Club, The Snapper Creek Nursing Home, and all attendant automobile traffic and noise. It was demonstrated that 80% of this one hundred, twenty acre tract has already been commercially developed."
* * * * * *
The record upon petition for certiorari showed an increase in the size and use of the Baptist Hospital property as well as its expansion in area. The County Commission has approved a use variance to permit a professional office building in the area and the Florence Crittenton Home for Unwed Mothers referred to in the Larkins opinion has been converted to a Halfway House providing rehabilitative programs for delinquent girls. Evidence before the County Commission was that the commercial use of the area has increased from the 80% mentioned in the Larkins opinion to 90% at the present time. The rezoning was undertaken by the County Commission without recommendation by the Zoning Appeals Board. There is no explanation in the record for the rezoning of the property by the County Commission to an estate classification except that the County officials disagreed with the results of the judicial proceedings relative to the property.
The County suggests that a material change in circumstances occurred because of a "restudy" of the area occasioned by the County at the instance of residents of the area. We find that the results of the study which may have been occasioned by pressure of neighborhood property owners is not a change in circumstances. The restudy recognizes the commercial use of much of the property in the area but excludes appellant's property from such use without any justification and contrary to prior use plans for the area.
The doctrine of res judicata is applicable to the County's rezoning which was done pursuant to judicial determination that this property would not support a zoning classification higher than RU-4M. See Metropolitan Dade County Board of County Commissioners v. Rockmatt Corporation, Fla.App. 1970, 231 So.2d 41, 44. See also City of Miami Beach v. Manilow, Fla.App. 1970, 241 So.2d 170.
This court determined in 1970 in two separate decisions that the area where this property is located is largely commercially developed. Larkins v. Metropolitan Dade County, supra; Metropolitan Dade County v. Pierce, supra. There is testimony now that it is even more fully commercially developed. We also determined that a zoning classification no more restrictive than RU-4M could be legally applied to the property. The trial court was faced with a record which showed no change in circumstances except a further commercial development and expansion of Baptist Hospital use. We therefore hold that the court departed from the essential requirements of law by failing to apply established principles of law in that it failed to hold that the County Commission was without authority to rezone appellant's property to a classification more restrictive than RU-4M. Accordingly, the final judgment denying petition for certiorari in the *539 circuit court is reversed and this cause is remanded with directions to grant the petition and enter an order quashing the resolution of the County Commission rezoning appellant's property.
Reversed and remanded with directions.