315 So.2d 478 (1975)
RURAL NEW TOWN, INC., a Florida Corporation, Appellant,
v.
PALM BEACH COUNTY, a Political Subdivision of the State of Florida, Appellee.
No. 74-1368.
District Court of Appeal of Florida, Fourth District.
June 27, 1975.
*479 Andrew I. Friedrich and Louis R. McBane, O'Connell & Cooper, P.A., West Palm Beach, for appellant.
R. William Rutter, Jr., County Atty., and Lawrence J. Langer, Asst. County Atty., West Palm Beach, for appellee.
MAGER, Judge.
This is an appeal by Rural New Town, Inc., appellant-petitioner, from an order denying a petition for writ of certiorari addressed to Palm Beach County, appellee-respondent.[1]
The appellant previously filed an application seeking rezoning of certain property from agriculture to residential and the granting of a special exception in order to allow a planned unit development on such property. The application was first considered by the Palm Beach County Planning and Zoning Commission which recommended that the project as proposed be denied.
After an extensive public hearing before the Palm Beach County Commission, appellee, at which considerable testimony and documentary evidence was presented the appellant's application was denied. It is from that denial that the appellant filed its petition for certiorari before the Circuit Court; and it is from the Circuit Court's denial of appellant's petition that the instant appeal was taken to this court.
Upon review of the transcript of the proceedings contained in the record and after due consideration of the applicable legal authorities we are of the opinion that the appellant met its burden in proving that the issue, i.e. to rezone from agriculture to residential, was not fairly debatable; and that the appellee failed to rebut by competent substantial evidence the overwhelming proof adduced by the appellant the property should be rezoned from agriculture to residential. Stokes v. City of Jacksonville, Fla.App. 1973, 276 So.2d 200; City of St. Petersburg v. Aikin, Fla. 1968, 217 So.2d 315; Hall v. Korth, Fla.App. 1971, 244 So.2d 766; City of Miami v. Schutte, Fla.App. 1972, 262 So.2d 14; cf. Metropolitan Dade County v. Kanter, Fla. App. 1967, 200 So.2d 624; McCormick v. City of Pensacola, Fla.App. 1968, 216 So.2d 785.
No useful purpose would be served by detailing the evidence presented to the Palm Beach County Commission. Suffice it to say, that the quality and character of the evidence presented by appellant was of such magnitude as to remove the continued applicability of the existing zoning classification from the "fairly debatable" category thus rendering further enforcement of that classification arbitrary, unreasonable or confiscatory.
We are not unmindful of the principle that while ownership of real property carries with it the right to use such property for any lawful purpose, such *480 use is not unbridled; reasonable zoning regulations may be imposed under the police power of the governing authority in furtherance of the health, safety and welfare of the community at large. City of Miami v. Schutte, supra. Additionally, we recognize that when the application of a zoning regulation and the continued enforcement thereof becomes a "fairly debatable" issue, that is to say, if the regulation makes sense in its application and enforcement, then the determination made by the governing body on the issue of whether or not to rezone becomes a legislative determination with which the courts will not interfere. See City of Miami Beach v. Lachman, Fla. 1953, 71 So.2d 148.
The burden is not upon the governing authority to approve or establish by competent substantial evidence that the zoning regulation or classification is reasonable or is in furtherance of its police power; the very adoption of that regulation creates a presumption of reasonableness and debatability. On the contrary, the burden rests upon the applicant to prove by competent substantial evidence that the existing ordinance or continued classification would be arbitrary, unreasonable or confiscatory and hence not "fairly debatable". City of St. Petersburg v. Aikin, supra.
The specific circumstances would have to be examined in each individual case to ascertain whether the issue presented was "fairly debatable" or not. In the instant case the appellant carried its burden of demonstrating that the issue was not fairly debatable.
In addition to the foregoing, the appellant adduced sufficient facts and proof so as to establish its entitlement to the grant of a special exception for a planned unit development.
There is a distinction between seeking rezoning and seeking a special exception; each involves somewhat different considerations. In rezoning, the burden is upon the applicant to clearly establish such right (as hereinabove indicated). In the case of a special exception, where the applicant has otherwise complied with those conditions set forth in the zoning code, the burden is upon the zoning authority to demonstrate by competent substantial evidence that the special exception is adverse to the public interest. Yokley on Zoning, vol. 2, p. 124. A special exception is a permitted use to which the applicant is entitled unless the zoning authority determines according to the standards in the zoning ordinance that such use would adversely affect the public interest. Berlant v. Zoning Hearing Bd. of Lower Merion Tp., 1971, 2 Pa.Cmwlth. 583, 279 A.2d 400. See also Turner v. Hammond, 1973, 270 Md. 41, 310 A.2d 543.
In the instant situation the transcript of proceedings reflects that appellee did not meet its burden. However, the transcript also reflects that the matter of the granting or denial of a special exception was not really discussed and debated because the appellee's action appears to have been concerned primarily with the application to rezone. In other words, there was no actual or legal necessity to determine the right vel non of the application for a special exception once having denied the application to rezone. While this circumstance is not intended to diminish appellant's entitlement to the grant of a special exception it does suggest some additional deliberative inquiry into and the determination of reasonable conditions that might be attached to the application for a planned unit development. It would seem to be in the interest of all parties concerned and in furtherance of the protection of the public health, safety and welfare to consider anew the applicability of reasonable conditions consistent with those already reflected in the record and such other reasonable conditions not inconsistent with a planned unit development concept.
Accordingly, the order denying appellant's petition for writ of certiorari is vacated and set aside and the cause remanded *481 to the trial court for the entry of an order granting the appellant's petition and directing the appellee to rezone petitioner's property in accordance with appellant's application and to grant appellant's application for special exception consistent with the observations contained herein.
CROSS, J., and MARKO, PAUL M., III, Associate Judge, concur.
NOTES
[1] We have considered and reject the appellee's contention that the petition for certiorari filed below was untimely.