PEARSON, Judge.
Dade County appeals from a final judgment on a petition for writ of certiorari brought in the circuit court by Theodore R. Schultheis seeking review of a resolution of the Board of Commissioners of Dade County refusing to rezone property owned by Schultheis. The circuit court found that the County Commission departed from the essential requirements of law and ordered as follows:
* * * * * *
*404 “ . . . Respondent’s Resolution No. Z-l 18-74 is quashed, and Respondent is ordered and directed to forthwith rezone petitioner’s property to a zoning classification of not less than RU-4L.”
* * * * * *
In setting out a summary of the facts shown by the record made before the County Commission, the trial judge stated:

“Petitioner is the owner of approximately 15 acres of the land located in a block of approximately 40 acres bounded on the North by Southwest 90th Street, on the East by Southwest 77th Avenue, on the South by Southwest 94th Street and the West by Southwest 79th Avenue. Petitioner sought to rezone this property from EU-M (single family, one-half acre estates) to RU-4L (limited apartment house-23 units per acre).
“The record shows that the East half of this block, approximately 20 acres, was rezoned in July of 1967 by the County Commissioners of Dade County from EU-M (single family, one-half acre estates) to RU-4L (limited apartment house-23 units per acre) and RU-3M (minimum apartment house-12.9 units per acre). There is presently constructed upon this portion of the block an apartment house complex with a density of 17 units per acre. The Petitioner’s 15 acres abuts this complex. The remaining 5 acres to the South of Petitioner’s property is presently used for a dog kennel and nursery school under a non-conforming use. Across Southwest 79th Avenue, to the West of Petitioner’s property, is Kendallwood Elementary School and an office building. On the North across Southwest 90th Street, is a 10-acre tract facing North Kendall Drive, a heavily ■ traveled thoroughfare, which is zoned R1 (single family residences). This 10-acre tract is vacant and in its natural state. Adjoining it to the East is another tract of approximately 10 acres which was rezoned as late as November 19, 1973 to RU-3M and BU-2 (business-medium) for a multiple purpose complex which would include an office building, apartments, townhouses and restaurant. There is no EU-M zoning either abutting the Petitioner’s property or across the street from it.
“The Court also finds from the Record that the general area to the East of Petitioner’s property is one of high intensity use. Approximately one mile to the East is Dadeland Shopping Center, a regional shopping center. Likewise, to the East of Southwest 77th Avenue are apartment complexes, highrises and office buildings.
“The Petitioner employed professional land planners to develop an apartment project in the block which would be compatible with the present zoning and uses. This plan was submitted to the County Commission whereby the density would be limited to 17 units per acre, the same as the apartment complex to the East, with low density one-story villa type apartments fronting along Southwest 79th Avenue directly across from the elementary school. Professional appraisers testified, among other things, that the proposal was a reasonable use of Petitioner’s land and the Court so finds.”
;K * ‡ Jk >{e ‡
The county has, upon its appeal, attempted to re-argue its position taken in the trial court. We think that the summary of the record as set forth by the trial judge is essentially correct and that it supports his conclusion that petitioner is entitled to a rezoning of the fifteen acre tract. The County’s position that the applicability of the present zoning is a “fairly debatable” issue and, therefore, should be left to the legislative body is not substantiated by the record. It is clear that the development of the area has been such that the petitioner *405 would have been deprived of the beneficial use of his property if the present stated zoning was to be perpetuated.
The question then becomes one of whether the trial judge was correct in designating the zoning classification “RU-4L” (limited apartment house-23 units per acre) as the lowest reasonable use for the property. We agree with the County that there is nothing in the record to support such a conclusion by the trial judge. Tacitly, the petitioner also admits this fact because the force of his argument is that he does not intend to use the 23 units per acre classification in all its virility but that he has voluntarily submitted a plan which calls for 17 units per acre. Inasmuch as we find that the record will not support a determination by the trial court that the petitioner is entitled to a zoning classification of RU-4L and nothing less, we are faced with the situation of whether we should return the, matter to the trial court with directions to leave the ultimate zoning classification to the legislative authority[1] or designate at this stage in the litigation a zoning classification which is supported by the record.[2]
It is our conclusion that in an attempt to give to petitioner and the County a speedy determination of this litigation, we should adopt the latter course. We, therefore, hold that this record will support a finding by the trial judge that any zoning classification not less liberal than that of RU-3M would be an arbitrary and unreasonable exercise of police power. The zoning designation RU-3M permits multiple family developments and is in accord with that granted by the County to neighboring property. Accordingly, the judgment appealed is reversed and the cause remanded for the entry of a judgment in accordance with the views herein expressed.
Reversed and remanded.

. See the general proposition of law in Village of Pembroke Pines v. Zitreen, Fla.App. 1962, 143 So.2d 660, 663.

. See Larkins v. Metropolitan Dade County, Fla.App.1970, 237 So.2d 343.