PER CURIAM.
This is an appeal by the City of Miami from an order permanently enjoining the City from enforcing a zoning classification on the appellees’ property which is more restrictive that R-4 zoning as defined at the time of the appellees’ application for a change in zoning classification. Appellees, Phyllis Grable and Bertha Flood, originally filed an application with the City’s Department of Administration for Planning and Zoning Boards to have a portion of their land rezoned from R-l Single-Family to R-4 Medium Density Multi-Family. The property in question borders on N.E. 83rd Terrace, just west of East Dixie Highway. When their request was denied by the City Commission, the appellees filed a Petition for Writ of Certiorari in the Dade County Circuit Court. By stipulation of the parties, the Writ was dismissed and the cause proceeded as a Complaint for Injunctive Relief. The trial court found for the appellee-prop-erty owners, holding that the R-l classification was unreasonable and arbitrary. The trial court’s order notes the following pertinent facts: that dramatic changes have occurred in the areas surrounding appellees’ property since it was first zoned R-l and that these changes have an adverse effect upon property zoned for single-family use; that the areas to north and west of the subject property are zoned for apartment uses (R-4) and that large apartment complexes are presently located on the same block and in close proximity to the appel-lees’ property; that most single-family dwellings to the north and west are non-owner occupied rental homes; that the property on three sides of the appellees’ plot is primarily being used for rental purposes; that single-family development has been almost nonexistent in the area during recent years; that the character of the area is clearly appropriate for rental and apartment use but not for single-family use; and, finally, that there is a sufficient buffer zone between the appellees’ property and the residential area to the east (which is on the other side of East Dixie Highway) to negate any adverse effects to the residential area which might be caused by apartments on the subject property. At the same time, however, no such buffer exists between the appellees’ property and the multi-family zones to the north and west.
The findings of the trial court are well supported by the record in this case. Given the compelling nature of the facts as presented, we find that no “fairly debatable” question exists herein concerning the validity of single-family zoning for appel-lees’ property. City of Miami Beach v. Lachman, 71 So.2d 148 (Fla.1953). Considering the character of the surrounding area and the fact that the entire street frontage of the subject property faces a multi-family zone which is already bristling with apartment houses, the trial court correctly found that single-family zoning in this case is arbitrary and capricious and that the City Commission had improperly denied the appellees’ request to have their property rezoned as an R-4 multi-family area. See City of Miami v. Schutte, 262 So.2d 14 (Fla. 3rd DCA 1972). We therefore affirm the final judgment of the trial court.
Affirmed.