## DADE TITLE CORPORATION, et al. v. METROPOLITAN DADE COUNTY
### Case No. 82-053-AP
Eleventh Judicial Circuit, Dade County, Appellate Division
April 18, 1983

Anthony J. O'Donnell, Jr., Greenberg, Traurig, Askew, et al., for appellants.

Aaron Podhurst, Podhurst, Orseck, Parks, et al., co-counsel for appellants.

Robert A. Ginsburg, Dade County Attorney and Robert L. Krawcheck, Asst. County Attorney, for appellee.

Before KOGAN, SALMON, and ORR, J.J.

Appellants seek review of Zoning Resolution No. Z-10-82 (the "Resolution") adopted by the Dade County Board of County Commissioners (the "Commissioners") on January 7, 1982. The effect of the Resolution was to downzone a total of approximately 2000 acres in Northwest Dade County. The Appellants are challenging the rezoning of 510 of these acres located about two miles west of the Florida Turnpike Extention and one-half to one mile north of the Tamiami Trail.

The subject properties are designated as Parcel 11, or "Government Lot 3," and Parcel 12. The Resolution rezoned both parcels from IU-2 (industry-heavy) and IU-1 (industry-light) respectively, to GU (interim district). We will not overturn the Commissioners' zoning resolution.

The properties have a somewhat complicated history that dates back to the 1950's. Briefly, that history reveals that in 1958 Parcel 12, which encompasses 30 acres, was rezoned to IU-2 from GU. Government Lot 3 (480 acres)was rezoned in 1957 for the purpose of rock excavation and processing, which in 1957 required an industrial zoning. The zoning was approved subject to numerous conditions, among them, the condition that the excavation be carried on continuously and completed within 10 years of approval. With the exception of a few minor improvements, both parcels remain undeveloped to this date.

In 1974 the Dade County Planning Department began the East Everglades Moratorium Area Study and the Comprehensive Development Master Plan (CDMP). The East Everglades Study recommended downzoning of Government Lot 3 to GU. Parcel 12 was not included in the Study.

Part I of the CDMP was adopted by the Commissioners in December, 1974. Parts II and III were not adopted until March 31, 1975. However, sometime late in 1974, before the finalization and adoption of the CDMP, the Directors of the Dade County Planning and Building Department and Zoning Department made a joint application to rezone approximately 3000 acres within the East Everglades Study. The application included Government Lot 3. The Directors then revised their recommendation on or about December 10, 1974 and urged the Commissioners to deny their own recommendation with respect to Government Lot 3. The Commissioners denied the application without prejudice, which had the effect of withdrawing that portion of the application.

On March 31, 1975 the Commissioners adopted Parts II (the "Environmental Protection Guide") and III (the "Development Guide") of the CDMP, including the Development Pattern Maps for 1985 and 2000. The Development Pattern Maps designated Lot 3 and Parcel 12 as "Agriculture and Open Space". The Environmental Protection Guide classified both parcels as part of a "Conservation Protection Zone".

In July of 1975 the Florida Legislature enacted the Local Government Comprehensive Planning Act. Florida Statutes Sections 163.3161 et. seq. The Act, as interpreted by the Attorney General, mandates that the appropriate zoning authority conform all land development regulations and zoning ordinances to the Comprehensive Plan.

The Commissioners readopted the CDMP on July 11, 1979. The CDMP expressly provided that any zoning that preceded its adoption would remain in full force and effect, but that its continuation would be "subject to application and review in accordance with the Dade County Code." It also stated that the "mere existence of zoning contrary to the CDMP shall not be determined to vest rights." (Section 2-114D, Dade County Code; Exhibit 11G, P. 256).

In 1980, in an effort to conform the zoning of the subject properties to the CDMP, the Directors of the Planning and Building Department and the Zoning Department again made application to downzone the properties to GU. On November 20, 1980 the Commissioners deferred action on the Directors' application so that they could consider proposed amendments to the 1985 and 2000 Development Maps. On June 30, 1981 the Commissioners denied the applications for amendment to the Development Maps; and on January 7, 1982, after the amendment process was complete, the Commissioners considered the Directors' deferred application to downzone the properties.

In their joint recommendation to the Board of County Commissioners the Directors found that the existing zoning was contrary to the CDMP and to the "Land Use Analysis of the West Dade Area" which was completed in November of 1981 and updated in July of 1982. The Directors pointed out that the existing Master Plan was shifting the industrial development into another area of West Dade and that the parcels were suitable sites for excavation for the extraction of limestone. The Directors also pointed out that the area could still be used for excavation of limestone under the GU zoning with an unusual use variation, and that it was not their intention to void any resolutions or conditions that had existed for many years on the property.

Appellants contend that the Commissioners were barred from rezoning the properties by the doctrine of administrative res judicata. Although this Court fully recognizes that the doctrine of administrative res judicata is a viable doctrine in the State of Florida, and that the doctrine should be applied when the facts of the case before the court so require, the Court declines to apply the doctrine in this case. After a careful reading of the briefs submitted by counsel and after reviewing the record, the Court has concluded that the facts of the case do not necessitate a finding that the Commissioners' action should be overturned. *Coral Reef Nurseries, Inc. v. The Babcock Company,* 410 So.2d 648 (3rd DCA 1982); *Aronovitz v. Metropolitan Dade County,* 290 So.2d 536 (3rd DCA 1974).

AFFIRMED

ORR and KOGAN, JJ., concurring.