# STATE OF FLORIDA v. MERANDO

### Case No. CTC-84-1788-PI

County Court, Volusia County

May 9, 1984

## APPEARANCES OF COUNSEL

**Theodore R. Doran** for Sam Merando.

**Lester Lewis** for City of Ponce Inlet.

## OPINION OF THE COURT

GAYLE GRAZIANO, County Judge.

This cause having come on to be heard on April 18, 1984, upon the defendant's Motion to Dismiss charges, and the Court having considered all documents filed in the court file, and Ponce Inlet ordinance in question, and having heard argument of counsel for the parties, the Court finds as follows:

The defendant has been charged with maintaining a telephone aboard a moored boat and living aboard a moored boat in violation of Ponce Inlet Ordinance 84-01.

The defendant has filed a Motion to Dismiss the charges by alleging

that Ponce Inlet Ordinance 84-01 is invalid, void, and unconstitutional, either on its face or as it has been applied to the defendant in this case.

The question before the Court is whether the ordinance is a valid exercise of the police power. This question is a matter of law, not one of fact, in that the Court cannot inquire further of the ordinance to determine the motives of the council; rather, the Court must determine the constitutionality of the ordinance either by reviewing the ordinance itself, where it must stand or fall on its face; or, by reviewing the ordinance as applied to the defendant.

The Court is governed by two competing concerns. The first: Criminal statutes must be strictly construed. The second: Ordinances are cloaked with a presumption of validity, constitutionality, and reasonableness, and one challenging the validity of a municipal ordinance has the burden of establishing its invalidity. *Wiggins v. City of Jacksonville*, 311 So.2d 406 (Fla 1st DCA 1975).

A landowner has the constitutional right to make legitimate use of his lands, and those rights may not be curtailed by unreasonable restrictions under the guise of a municipality's police power. *Metropolitan Dade County v. Pierce*, 236 So.2d 202, 203 (Fla 3rd DCA,1970); *Burritt v. Harris*, 172 S.2d 820, 823 (Fla. 1965); *State of Washington ex rel. Seattle Title Trust Company v. Roberge*, 278 U.S. 116, 49 S.Ct. 50, 73 L.Ed. 210. Furthermore, an owner will not be required to sacrifice his rights absent a substantial need for restrictions in the interest of the public health, morals, safety, or welfare. *City of Miami Beach v. Lochman,* 71 So.2d 148 (Fla. 1953); *Metropolitan Dade County v. Pierce*, supra.

When a constitutional right or activity is regulated by a city exercising its police power, there must be a substantial relationship between the ordinance and the promotion of the public health, safety, morals, or general welfare. *Davis v. Sails*, 318 So.2d 214, 217 (Fla. 1st DCA 1975). The city must operate within the zone of permissible interference. Florida courts have established a standard for a reviewing court to determine the validity of such an ordinance. If it is reasonably related to the public welfare, health, and safety, or such is "fairly debatable", it must be upheld. *Town of Indiatlantic v. McNulty*, 400 So.2d 1227 (Fla. 5th DCA 1981). Therefore, this Court has reviewed the heretofore legal activities (to-wit: living aboard a moored boat in excess of twenty-four hours within the city limits of the Town of Ponce Inlet or maintaining a telephone aboard a moored boat within said town limits) and its attempted regulation (i.e., prohibition by the Town), to determine whether *any* reasonable relationship to the public welfare exists, fairly debatable or not. Such relationship could be found

126

neither in the arguments presented by counsel nor from the Court's own inquiry. Ponce Inlet Ordinance 84-01 discloses no purpose to prevent some public evil or fill some public need. True, there is a public interest in regulation of waste disposal from such vessels, and the Court upholds that section of the ordinance as valid. But whether a person remains on a vessel for twenty-three hours or twenty-eight hours has no relation to waste disposal or any other public concern. The same is true of maintaining a telephone aboard a moored vessel. The ordinance is an improper exercise of the police power granted to the Town. The power to restrain and regulate does not include the power to prohibit an activity which is not a nuisance per se. *Carter v. Town of Palm Beach*, 237 So.2d 130 (Fla. 1970). An ordinance should be a legitimate and appropriate means to an end—but the end itself must be legitimate.

Additionally, in *Dennis v. The City of Key West*, 381 So.2d 312 (Fla. 3rd DCA 1980), a case almost identical to the case before this Court, the Third District Court of Appeals unanimously held that "the provision of the ordinance which made it illegal to live aboard any vessel unless such vessel was moored or docked within a designated area was unreasonable and invalid, since there was no discernible relationship between such provision and the health, welfare or safety."

In the instant case, the activities of the defendant are not a nuisance to the community of the Town of Ponce Inlet. Whether this Court reviews the specific act of maintaining a telephone, or the connection of utilities, or even the occupation of the vessel for a period of time in excess of twenty-four hours, the conclusion that must be drawn is that the activities of the defendant do not threaten the public health, safety, or general welfare of the populace, and they do not amount to an activity which is a nuisance to the community. It is, therefore,

ORDERED and ADJUDGED:

1. Ponce Inlet Ordinance 84-01, Section 3, is unconstitutional on its face because it is inherently unreasonable, arbitrary, capricious, and not reasonably related to any public purpose.

2. Ponce Inlet Ordinance 84-01, Section 4, is unconstitutional on its face because it is inherently unreasonable, arbitrary, capricious, and not reasonably related to any public purpose.

3. Ponce Inlet Ordinance 84-01, Section 5, although not totally invalid, is unreasonable, arbitrary, and unfair in its application to the particular circumstances of this case.

4. The motion to dismiss criminal charges presently pending against the defendant in this case is hereby granted.