PER CURIAM.
This is a rezoning case. As compared to the traffic generated by a school, courthouse and commercial and industrial areas, a professional building on appellant’s property will cause a minuscule amount of traffic on the arterial avenue on which it is located. Further, those nearby land uses combined with that of the railroad and airport now make the use of appellant’s property completely unsuitable for single family residences. Further, appellant’s proposed use is far less offensive than the industrial use which is shown on the city’s comprehensive land use plan. Accordingly, we find that in this case the evidence does not establish that the health, morals, safety or welfare of the public require the use of appellant’s land be limited to single family residences (R-1AA). See generally Burritt v. Harris, 172 So.2d 820 (Fla.1965). Therefore, the final judgment herein is reversed and the cause is remanded with directions that the city be enjoined from enforcing zoning on appellant’s land more restrictive than that permitting professional offices and services (C-1A).
REVERSED AND REMANDED.
ORFINGER, SHARP and COWART, JJ., concur.