ANSTEAD, Judge,
concurring specially.
On appeal our review is limited to three issues which the majority has held, and I agree, do not present reversible error. I agree with the majority that the appellant has failed to demonstrate error in the trial court’s interpretation of the ordinance in question, or in rejecting appellant’s claims under section 1983 of the Federal Code or the 14th Amendment of the United States Constitution. However, I believe the appellants have made out a good case for demonstrating that the appellee town did not properly apply the special exception provisions of its zoning code when it denied appellant a special exception.
In 1988, appellant sought a special exception to a zoning code provision limiting retail clothing shops to 2,000 square feet. To use more space, the special exception criteria required merchants to demonstrate by “evidence satisfactory to the Town council” that its shop would draw most of its customers from the town of Palm Beach. The appellant placed substantial evidence before the commission to satisfy this requirement. Nevertheless, the council denied the request for a variance. From the record made in this case, it appears to me that the appellant was entitled to the variance. See Irvine v. Duval County Planning Commission, 495 So.2d 167 (Fla.1986); Rural New Town, Inc. v. Palm Beach County, 315 So.2d 478 (Fla. 4th DCA 1975). In addition, to demonstrate the arbitrary manner in which the council had applied the special exception, the appellant presented proof that exceptions had previously been granted to two other retailers under circumstances I find legally indistinguishable from those involved herein.
The reason that I join in the affirmance is because of the posture of the case before us. Instead of challenging the town’s action by appellate review in court, the appellant terminated a lease with a retailer that was conditioned upon the grant of the special exception. This mooted the issue to a great extent, and, as noted, no court review was sought. Instead, appellant filed this action seeking damages and other relief. Not every denial of a special exception, even if incorrect, constitutes a 14th Amendment violation or a basis for a section 1983 action.