444 So.2d 25 (1983)
HILLSBOROUGH COUNTY, Petitioner,
v.
WESTSHORE REALTY, INC., Respondent.
No. 83-1287.
District Court of Appeal of Florida, Second District.
November 18, 1983.
Rehearing Denied January 20, 1984.
R. Elliott Dunn, Jr., Asst. County Atty., Tampa, for petitioner.
David M. Mechanik of MacFarlane, Ferguson, Allison & Kelly, Tampa, for respondent.
*26 LEHAN, Judge.
This case involves the respective roles of the courts and administrative agencies in zoning decisions.
The trial court reversed the denial by the Hillsborough County Commission of a rezoning request and compelled rezoning of certain R-1 (single family residential) property to C-P (planned commercial district) zoning. The trial court based its reversal upon application of the equal protection clauses of the Florida and United States Constitutions in light of the perceived effect of previous rezoning of property in the neighborhood of the subject property. We reverse.
In reviewing a case like this that involves a circuit court in its appellate capacity reversing an administrative body in a zoning matter, we take cognizance of two general approaches which, on the surface, might appear to be conflicting. First, zoning changes of the type required by the trial court should, of course, not be made lightly. To change zoning on property from single family residential to commercial requires clear justification. Also, to overrule the decision of an administrative body charged with the responsibility for administering the zoning laws and presumed to possess special expertise in the subject of zoning, especially when, as here, that decision was made upon the recommendation of that body's planning staff, should not be done when the validity of the administrative body's decision is at least "fairly debatable" unless the administrative action violated the constitution. City of Miami Beach v. Lachman, 71 So.2d 148 (Fla. 1953).
Second, and on the other hand, a district court of appeal should not reverse a circuit court sitting in its appellate capacity unless error of the circuit court is so serious that there has been a violation of a clearly-established principle of law resulting in a miscarriage of justice. Combs v. State, 436 So.2d 93 (Fla. 1983); City of Mangonia Park v. Palm Beach Oil Co., 436 So.2d 1138 (Fla. 4th DCA 1983). Accordingly, we do not lightly reverse a circuit court sitting in its appellate capacity, especially in a case like this where it is clear that the learned circuit judge carefully considered the record and advisedly made his decision. Nonetheless, we believe an established principle of law requires reversal.
The respondents who filed the application to rezone were purchasers under a contract for purchase and sale of the subject property. The property is an 11-acre tract located on a corner at the intersection of five streets. Most of the other property in the immediate neighborhood, including the property bordering the subject property on the same block, is currently zoned either "R-1" or "R-E" (residential estates). At the five-street intersection there is a small parcel zoned C-P, on which there is an interior design business, and another small parcel zoned C-1, on which there is a convenience store and a gas station. The only major commercially-zoned property in the neighborhood is a 12-acre shopping center on one of the streets of the five-street intersection across the intersection from the subject property. That tract had been zoned residential until approved for rezoning in 1980.
The trial court based its finding of unequal protection upon the prior zoning changes from commercial to residential at the five-street intersection and a 1980 report of the planning commission staff which recommended approval of the 12-acre shopping center and suggested that the intersection could be considered an appropriate location for a "commercial node." In disagreeing with the trial court that the constitution was violated by the county commission's denial of the rezoning petition, we note the dissimilarity of this case to the facts of several cases in which rezoning of property from residential to commercial was judicially required upon constitutional grounds.
In Tollius v. City of Miami, 96 So.2d 122 (Fla. 1957), appellant requested that his parcel of land be rezoned from single-family residential to allow an apartment-motel on *27 the land. The circuit court sustained the city commission's denial of the rezoning petition. The Florida Supreme Court reversed and granted appellant the relief sought. The court pointed out that appellant's property was surrounded by heavily-traveled, multi-laned highways or streets. Across two of the streets were a motel and a site for a planned restaurant. The court referred to appellant's property as a "veritable island" of residentially-zoned property surrounded by commercial property.
In City of Clearwater v. College Properties, Inc., 239 So.2d 515 (Fla.2d DCA 1970), this court used the "veritable island" language from Tollius when referring to property located in a city block on which all the other lots except two were zoned "Business, B" while the subject property retained its "Professional and Related Services" classification. This court held that the trial court had correctly quashed the city's denial of appellee's rezoning application.
Courts are reluctant to find that a denial of rezoning is unconstitutional discrimination when the character of the surrounding neighborhood has not been altered by previous zoning changes so that a denial of rezoning of the subject property becomes arbitrary and unreasonable. See e.g., City of South Miami v. Hillbauer, 312 So.2d 241 (Fla. 3d DCA 1975); J.H.S. Homes, Inc. v. County of Broward, 140 So.2d 621 (Fla. 2d DCA 1962). The fact that a petitioner's land is situated across the street from property with a less restrictive zoning classification is not enough to mandate rezoning of petitioner's property. City of Miami Beach v. Ocean & Inland Co., 147 Fla. 480, 3 So.2d 364 (1941). As the Florida Supreme Court has stated, "[I]f the subject property be rezoned to business, the property to the north and across the street would have to be treated similarly and on and on as to other property until by a process of `judicial erosion' the entire zoning plan would be destroyed." City of Miami Beach v. Wiesen, 86 So.2d 442, 446 (Fla. 1956).
We believe that respondents have not met their two-fold burden of showing that their residentially-zoned property is in a neighborhood the character of which has been clearly changed to commercial and that the county commission's action was arbitrary and unreasonable. The record shows that most of the property surrounding respondents' land continues to be zoned residential. There is reasonable basis for a conclusion that the 1980 rezoning of the 12-acre shopping center site across the street and the existence of the two smaller non-residential parcels at the intersection did not constitute an alteration of the character of the entire surrounding neighborhood to commercial.
We grant the petition for certiorari, reverse, and remand for the reinstatement of the county commission's denial of the rezoning application.
REVERSED AND REMANDED.
OTT, C.J., and RYDER, J., concur.