505 So.2d 470 (1987)
HILLSBOROUGH COUNTY BOARD OF COUNTY COMMISSIONERS, Petitioner,
v.
Leonard V. LONGO, Respondent.
No. 86-2639.
District Court of Appeal of Florida, Second District.
February 27, 1987.
Rehearing Denied April 7, 1987.
Emeline C. Acton, Asst. Co. Atty. for Hillsborough County, for petitioner.
*471 Gerald W. Nelson of Yado, Salem, Keel, Nelson & Bergmann, P.A., for respondent.
PER CURIAM.
Hillsborough County seeks certiorari review of a circuit court order which overturned a zoning decision of the Board of County Commissioners. We agree that the circuit court's order represents a departure from the essential requirements of law and grant the petition for certiorari.
Respondent Longo is the owner of 1.59 acres of land on Ehrlich Road in Hillsborough County. The parcel is presently zoned "R-1" (residential), a usage which all parties would probably agree is no longer appropriate. Longo sought to rezone the land from "R-1" to "C-P" (commercial) in order to construct a small shopping plaza. Zoning experts from the county's department of development coordination and the Hillsborough County City-County Planning Commission objected to the requested change, primarily because they believed it would contribute to "strip commercialization" in the area. They suggested that a viable alternative might be to rezone the property "I-P," which would allow the construction of office space. Both bodies made their positions known to the zoning hearing master assigned to make a recommendation in the case. The master, however, recommended approval of Longo's application. In so doing, he noted that surrounding properties already zoned "I-P" remained vacant, indicating a probable overabundance of office space that would militate against Longo developing his property for the same purpose.
The matter then went before the Board of County Commissioners for its decision. The members of the board voted unanimously to follow the recommendations of the two planning agencies rather than that of the zoning hearing master. Longo filed a petition for certiorari in the circuit court. The court held that the commissioners acted arbitrarily and capriciously in refusing to accept the master's recommendation. The court then ordered the property rezoned from "R-1" to "C-P."
We agree with petitioner that there was substantial, competent evidence to support the decision of the Board of County Commissioners. Although the hearing master favored the position taken by Longo, the other agencies did not, and those agencies gave reasons for their opposition. The master's recommendation was not binding on the commissioners, and since the issue was fairly debatable the commissioners had the authority to reject the recommendation. Hillsborough County v. Putney, 495 So.2d 224 (Fla. 2d DCA 1986); Sarasota County v. Purser, 476 So.2d 1359 (Fla. 2d DCA 1985); Hillsborough County v. Westshore Realty, Inc., 444 So.2d 25 (Fla. 2d DCA 1984).
The petition for certiorari is hereby granted, the order of the circuit court is quashed, and this case is remanded with directions to reinstate the decision of the Board of County Commissioners.
DANAHY, C.J., and RYDER and FRANK, JJ., concur.