PER CURIAM.
The City of Tampa seeks certiorari review of a circuit court order which overturned a zoning decision of the Tampa City Council. We agree that the circuit court’s order represents a departure from the es *755 sential requirements of law and, accordingly, grant the petition for certiorari.
Respondent Madison is the owner of a lot and single family home situated at the southwest corner of the intersection of Westshore Boulevard and Cleveland Street in Tampa. Although considerable commercial development has taken place to the north of Madison’s property, her lot is presently zoned R-1A (single family dwelling). The areas to the south, east, and west remain predominantly residential in character. In June, 1986, Madison sought to have her property rezoned R-P (residential-professional). She claimed that the existing zoning classification, coupled with the proximity of commercial development, severely hampered her ability to sell the property and that rezoning would help create an appropriate buffer zone between the commercial and residential areas.
After hearing from Madison and other interested parties, including the Hillsbor-ough County City-County Planning Commission and residents of Madison’s neighborhood, the city council denied the request for rezoning. Madison thereupon sought certiorari relief in the circuit court. The court overturned the city council’s decision and ordered the property rezoned “not more restrictive than R-P.” In so holding, the court appears to have shifted to the city the burden of proving that the requested rezoning would adversely affect the welfare of the public. The burden of proving the necessity for a change in zoning, or the arbitrariness of an existing zoning classification, rests upon the party seeking the change. Alachua County v. Reddick, 368 So.2d 653 (Fla. 1st DCA 1979); Rural New Town, Inc. v. Palm Beach County, 315 So.2d 478 (Fla. 4th DCA 1975).
We find, in the present case, that the issue of Madison’s entitlement to a zoning change was fairly debatable and that the city council’s decision was, in fact, supported by substantial competent evidence. The city council’s decision, therefore, should not have been overturned. Hillsborough County Board of County Commissioners v. Longo, 505 So.2d 470 (Fla. 2d DCA 1987); Hillsborough County v. Westshore Realty, Inc., 444 So.2d 25 (Fla.2d DCA 1983).
The petition for writ of certiorari is hereby granted, the order of the circuit court is quashed, and this case is remanded with directions to reinstate the decision of the Tampa City Council.
Petition for certiorari granted.
SCHOONOVER, A.C.J., and LEHAN and FRANK, JJ., concur.