517 So.2d 786 (1988)
The CITY OF TAMPA, a Political Subdivision of the State of Florida, and the Tampa City Council, in Its Capacity As Zoning Authority for the City of Tampa, Petitioners,
v.
Stephen SPETH, Respondent.
No. 87-2874.
District Court of Appeal of Florida, Second District.
January 8, 1988.
Michael A. Fogarty, City Atty., and Thomas C. Saunders and Pamela K. Akin, Asst. City Attys., Tampa, for petitioners.
Robert L. McDonald, Jr., of Cramer, Haber & McDonald, P.A., Tampa, for respondent.
PER CURIAM.
The City of Tampa petitions this court for a writ of certiorari to review an order of the circuit court which overturned the city council's denial of a rezoning request by respondent Stephen Speth. We agree that the order constitutes a departure from the essential requirements of law and grant the petition for certiorari.
Speth owns a parcel of land at the intersection of Marti and Estrella Streets in the Palma Ceia area of Tampa. Presently one single-family home is situated on the property. Speth's proposed use for his lots is the construction of five townhouses contained within three structures, a usage not permitted under the current zoning classification. Thus Speth sought rezoning from RS-50 (single family residential) to RM-16 (low to medium density residential, with multiple-family development as a possible "special use"). Although various local planning agencies voiced no objection to the proposed change, the city commission denied Speth's rezoning petition. The circuit court then reversed, finding that the denial of the rezoning request was "not fairly debatable."
When a property owner applies to have his zoning classification changed, the burden rests with the applicant to demonstrate that continuation of the present classification would be arbitrary, unreasonable, or confiscatory. Rural New Town, Inc. v. Palm Beach County, 315 So.2d 478 (Fla. 4th DCA 1975); Board of County Commissioners of Hillsborough County v. Ralston, 284 So.2d 456 (Fla. 2d DCA 1973). There is no obligation on the part of the zoning authority to rezone property simply *787 to advance its best use or guarantee the highest salability. Alachua County v. Reddick, 368 So.2d 653 (Fla. 1st DCA 1979). At the hearing before the city council Speth presented no evidence that the type of use permitted under the present, more restrictive zoning classification was no longer a viable option. Particularly when viewed in conjunction with the council members' concerns about the aesthetic and historical character of much of the surrounding neighborhood and about the long-term effect upon traffic patterns that would accompany the encouragement of increased housing density, this leads us to conclude that the council did not act arbitrarily or unreasonably and thus that the circuit court departed from the essential requirements of law in ruling otherwise.
We grant the petition for writ of certiorari and remand this case to the circuit court with directions to rescind its order overturning the City of Tampa's denial of the request for rezoning.
CAMPBELL, A.C.J., and LEHAN and THREADGILL, JJ., concur.