538 So.2d 50 (1989)
John D. BAILEY, Sr., et al., Petitioners,
v.
CITY OF ST. AUGUSTINE BEACH, Florida, Respondent.
No. 88-1074.
District Court of Appeal of Florida, Fifth District.
January 5, 1989.
Rehearing Denied February 14, 1989.
*51 Frank D. Upchurch, III, of Upchurch, Bailey and Upchurch, P.A., St. Augustine, for petitioners.
David G. Conn, St. Augustine, for respondent.
ORFINGER, Judge.
Petitioners seek a writ of certiorari to quash a decision of the circuit court denying relief in a zoning dispute. We find merit in the petition and grant the writ.
Petitioners own a triangular shaped three and a half acre parcel of undeveloped land in St. Augustine Beach, Florida. The property is surrounded by State Road 3 on the west and 16th Street on the north, both major arteries according to the record, and Old Beach Road on the East. Maps in the record show that the north base of the triangle has 240 feet of frontage on 16th Street, the westerly leg of the triangle fronts State Road 3 for 1150 feet and the easterly leg fronts on Old Beach Road for a slightly lesser distance, although the exact dimension of that leg is not shown. The configuration of the land is a long, skinny, acute triangle, narrowing considerably as it reaches the south end, where it comes to a point. The property was zoned residential, but petitioners sought to have it rezoned to commercial, claiming that the residential classification is unreasonable since the land to the north and west of the property is zoned commercial, there is heavy traffic on the two major roads bordering the property, and the shape of the property and its location did not lend itself to residential development. The City Planning and Zoning Board recommended approval of the rezoning application, with the condition that the site be restricted to professional and business offices with a minimum of three buildings. Petitioners agreed to accept these conditions. The county had no objection to the plan and, in fact, the county zoning coordinator, in a written report made a part of the record, noted that because of the unique location, size and shape of the property "[r]esidential development would be most difficult to accommodate *52 and would not appear appropriate for the site."
Public hearings at which sworn testimony was heard were held on the rezoning application and petitioners' professional land planner testified that, although the property could be physically divided into 13 residential plots, nonetheless the property was not suited to residential development because of its configuration, location on a major highway and the existing commercial development both north and west of the property. Neighboring land owners objected to the rezoning, opining that traffic in the area was already a problem and that some new homes had recently been built on nearby lots on State Road 3.
Two of the city commissioners commented after the public had been heard that they could not grant the rezoning application in the face of public opposition, and the commission then unanimously voted to deny the request. A petition for certiorari was denied in the circuit court on the grounds that petitioners were not entitled to the highest and best use of their property, and there was no evidence of loss of value because of the residential zoning. Petitioners seek review in this court of the circuit court order.
Although it is correct that a land owner is not entitled to the highest and best use of his property, a zoning classification that is arbitrary, unreasonable or confiscatory should not be allowed to stand. See e.g. City of Tampa v. Speth, 517 So.2d 786 (Fla.2d DCA 1988); City of Tampa v. Madison, 508 So.2d 754 (Fla. 2d DCA 1987); S.A. Healy Co. v. Town of Highland Beach, 355 So.2d 813 (Fla. 4th DCA 1978). A zoning classification is confiscatory when it deprives the owner of all beneficial use of the land. See S.A. Healy Co., supra. The only expert testimony presented established that, under current regulations for residential lots, the narrow portion of petitioners' land was unusable. However, that section could be used for drainage or parking if commercial zoning was allowed. Clearly, the shape or peculiar physical characteristics of land must be considered in determining the reasonableness of a zoning classification. See City of Coral Gables v. Geary, 383 So.2d 1127 (Fla. 3d DCA 1980).
Furthermore, even if residential development of property is physically possible, a change in conditions, such as the heavy traffic and adjacent commercial uses in this case, may make such development a practical impossibility. See Watson v. Mayflower Property, Inc., 177 So.2d 355 (Fla. 2d DCA), cert. denied, 183 So.2d 215 (Fla. 1965). Finally, public opposition to a zoning change, in and of itself, is not sufficient to support an arbitrary zoning decision. See e.g., BML Investments Inc. v. City of Casselberry, 476 So.2d 713 (Fla. 5th DCA 1985), rev. denied, 486 So.2d 595 (Fla. 1986) (objection of residents in surrounding neighborhoods to proposed developments is not a sound basis for denying permit to build). The City's refusal to rezone the property was arbitrary and unreasonable, and because the circuit court failed to apply the correct law in determining the reasonableness of the city commission's decision, the petition for writ of certiorari is granted and the circuit court order is quashed.
WRIT ISSUED. ORDER QUASHED.
COWART and DANIEL, JJ., concur.